### TRIBBLE v. HARRISON.

No. 13804.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 17, 1939.

Baylor B. Brown and Jack L. Hobson, both of Fort Worth, for appellant.

W. H. Slay, Lester Boone, and J. Frank Roberts, all of Fort Worth, for appellee.

BROWN, Justice.

Two old, colored people, Joe and Lizzie Blackburn, husband and wife, owned as community property a valuable tract of land on West Magnolia Avenue, in the City of Fort Worth, just opposite the property of Magnolia Avenue Christian Church. They had their home on it.

One Fred W. Tribble—appellant here— a white man, was conducting a fruit and vegetable business on a part of the said church property, and the church authorities concluded to no longer permit any business for profit to. be conducted on its tract of land. The Blackburns permitted appellant to move his store building across the street and on their property. The improvements thus placed on the Blackburn land were worth approximately $150, and were easily moved.

Tribble moved on the Blackburn property about a year before the death of the Blackburns. They died within a few days of one another.

Appellee, Robert W. Harrison, was duly appointed and qualified as administrator of the estates of these deceased negroes, and he brought suit in trespass to try title and for rents against Tribble.

Tribble answered in due form and claims title to the property under claim of a parol gift. He asserts that he went into possession when the gift was made to him and has made valuable improvements on the premises. The improvements have been described by us hereinabove.

The case was tried to the court, and the court rendered judgment for the administrator.

Tribble has appealed on the theory that the preponderance of the evidence has established an oral gift.

Such evidence as was introduced is conflicting. We do not think any service can be done the bench and bar by attempting to quote from, or to give the substance of, the testimony before the trial court.

Suffice it to say that the Blackburns were wealthy negroes. They owned liquid, personal property, evidenced by U. S. Government Bonds, life insurance and cash of the value of $5,000,·and the lowest valuation placed on the real estate in controversy was $5,000. The Blackburns were never in need of assistance from Tribble. In fact, he does not attempt to show that he furnished them the necessities of life, and no witness produced by him attempted to detail any conversation by either of the Blackburns tending to show any promise upon the part of Tribble to support and care for them.

The Blackburns paid all taxes assessed against the premises. The improvements placed on the tract of land by Tribble consisted of the small, movable store building, moved by Tribble from the church lot across the street to the Blackburn lot.

The trial court, sitting without the intervention of a jury, was the sole and exclusive judge of the credibility of the witnesses and of the facts proved. On the conflicting testimony, the trial court has found for the plaintiff below. The judgment of the trial court is not against the preponderance of the evidence and we have no disposition to disturb the judgment. It is accordingly affirmed.