**Helen S. STRAUSS, Appellant,**

v.

**Lewis LA MARK et al., Appellees.**

No. 13916.

Court of Civil Appeals of Texas.

Houston.

July 13, 1962.

Rehearing Denied Oct. 11, 1962.

---

Milton Schwartz, Mabel Grey Howell, (on motion for rehearing), Houston, for appellant.

Butler, Binion, Rice & Cook, John L. McConn, Jr., Clyde Bracken, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment for ·the defendant in a personal injury case.

■ Appellant, an elderly woman, alleged that she received serious personal injuries by reason of a fall in the beauty shop owned and operated by appellees, caused by tripping over an electrical cord negligently permitted by appellees to remain in an aisle of the shop.

Special Issue No. 1 read:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question the electric cord attached to the hair dryer extended into the aisle of the beauty shop?"

Other issues inquiring of the negligence of appellees and contributory negligence of appellant were predicated on an affirmative answer to Special Issue No. 1. The jury did not answer these issues since they answered Special Issue No. 1 in the negative. In answer to Special Issue No. 9 the jury

found that the fall was the result of an unavoidable accident.

Appellant seeks reversal of the judgment on the ground that the jury's answer to Special Issue No. 1 is contrary to the great weight and preponderance of the evidence and that the jury's answer to Special Issue No. 9 is supported by no evidence, or insufficient evidence.

We have concluded that this case must be reversed and remanded for a new trial for the reason that the answer made by the jury to Special Issue No. 1 was contrary to the great weight and preponderance of the evidence.

There was testimony by a disinterested witness that the electric cord had extended into an aisle of the beauty shop all the morning prior to the accident. The plaintiff testified that at the time of the accident she felt a pull at her foot and leg and that after she fell she saw the cord and realized that she had tripped over it. No other witness saw the cord in the aisle prior to the accident; neither did any of them testify to facts from which the conclusion could reasonably be drawn that they necessarily would have seen the cord had it been in the aisle. It is undisputed that the cord was in the aisle immediately after the appellant fell and that one of the prongs of a transformer, into which the cord was plugged, was broken off. The chair to which the cord was attached was moved a few inches, but the cord had at least two feet of slack. One of the appellees testified that the chair was very heavy and that bumping into it would scarcely move it, and that it could not be pushed more than two feet because of the conduit beneath it. It is undisputed that the cord was pulled away from the transformer and the transformer broken at the time of appellant's fall. If the cord was in its accustomed place under the chair prior to the fall, we find no reasonable explanation for its presence in the aisle. In view of the evidence in the record and the wording of Special Issue No. 1, we think it immaterial whether the cord was in the aisle to the rear of, or the side of, the first dryer chair.

Since under the instructions of the court the jury was not permitted to consider the negligence issues, the answer made to Special Issue No. 9 concerning unavoidable accident would not authorize the rendition of a judgment for appellees.

■■ Since the question of unavoidable accident will probably arise on a retrial of this cause, we have considered appellant's assignments of error relating thereto. In determining whether or not to submit an issue on unavoidable accident, the rule announced by the Supreme Court in Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790: "* * * if the evidence does not raise the issue that the something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident," must be applied.

Viewing only the evidence favorable to the verdict, we find that appellant testified that immediately before the fall she experienced a pulling sensation on her foot and leg. There was no testimony of slipping or becoming overbalanced. No one else testified as to the cause of the fall. We find no testimony from which an inference of a spontaneous break in appellant's leg could reasonably be drawn. The trial court erred in submitting the issue of unavoidable accident.

We deem it unnecessary to discuss the other points of error assigned by appellant since they probably will not arise in the event of a retrial of this case.

Reversed and remanded for a new trial.

On Motion for Rehearing

■ Appellees contend that the judgment must be affirmed despite our conclusion that the answer made by the jury to Special Issue No. 1 was so against the great weight and preponderance of the evidence as to be clearly wrong. Special Issues 2 through 6 inquiring as to the pri-

mary negligence of. appellees were conditioned upon an affirmative answer to Special Issue No. 1. The jury answered this issue in the negative and, under the instructions of the court, made no answers to Issues 2 through 6. Appellant did not object to this conditional submission.

By permitting a conditional submission of Special Issues 2 through 6 without objection, appellant waived her right to have a jury trial on the unanswered issues and the benefit, if any, she might have received from favorable answers to such issues. Rules 272 and 279, Texas Rules of Civil Procedure; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Whiteside v. Tackett, Tex.Civ.App., 229 S.W.2d 908, error dism.; Duval County Ranch Company v. Foster, Tex.Civ.App., 318 S.W.2d 25, ref., n. r. e.

Under the facts of this case an objection to the conditional submission could properly have been denied by the trial court. Although we have held that the jury's answer to Special Issue No. 1 should be set aside, there was evidence which required that the issue be. submitted to the jury. Appellant's position is that she should not be required to make what in essence would have been merely a formal objection in order to preserve her right to complain of the subsequent action of the jury. It appears, however, that the law is now settled to the contrary.

In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, the Supreme Court held that by failing to ob-. ject to the conditional submission of an is-. sue, a party waived his right to a jury trial on the unanswered issue. There the trial court submitted "proper lookout" in such a way that a finding of failure to keep a proper lookout was necessarily negligence. Predicated on an affirmative finding on this issue the Court submitted an issue inquiring whether the failure to keep a proper lookout was negligence. The following issue concerning proximate cause was conditioned on an affirmative answer to the negligence issue. The jury found failure to keep a proper lookout, but returned a conflicting answer of no negligence, and. did not answer the proximate cause issue. The plaintiff had a valid objection to the action of the court in conditioning the proximate cause issue on the unnecessary negligence issue.

The Supreme Court held that Rule 279, Texas Rules of Civil Procedure [1], required that the unanswered issue on proximate cause be taken as having been answered by the court in such manner as to support the judgment.

This necessarily is a holding that a conditional submission of an issue, where such issue is not answered by reason of such conditional submission, is equivalent to a failure to submit, and, that under the rule, if an unconditional submission is not requested, and no objection to such conditional submission is made, such omitted issue must be deemed found by the court in such manner as to support the judgment.

In Whiteside v. Tackett, supra, the court said:

"Establishment of title by ten years adverse possession was appellants' sole ground of recovery. The conditional .submission

1. "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, * * * may * * * make and file written findings * * *, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment."

of this issue to the jury was equivalent to no submission at all when the event upon which its submission hinged did not occur. We, therefore, conclude, limitation title not having been established as a matter of law, that appellants waived their only ground of recovery.

"This holding may seem severe in view of our decision that the answer of the jury to the first special issue was unwarranted, but a contrary ruling would be opposed to the law declared by the Supreme Court, as we understand it, would conflict with Rules 272 and 279, T.R.C.P., and would result in the trial of cases piecemeal."

These cases, and others cited therein, are determinative of the question before us. The motion for rehearing is granted and the judgment of the trial court is affirmed.