WAGNON v. BARKER.

5-2896             364 S. W. 2d 314.

Opinion delivered February 4, 1963.

*Sexton & Morgan,* for appellant.

*Hardin, Barton & Hardin,* for appellee.

GEORGE ROSE SMITH, J. This is an action by K. B. Wagnon and his wife for damages sustained in a traffic collision between their car and that of the appellee, T. C. Barker. Mrs. Wagnon was injured and the Wagnon car was damaged. Submission of the case to the jury, without interrogatories, resulted in a general verdict for the defendant. For reversal the Wagnons question the sufficiency of the evidence and the court's action in giving and refusing instructions.

The Wagnons owned their car jointly. At the time of the accident Mrs. Wagnon was being driven upon a shopping trip by her granddaughter, Sally Ann Bercher, in circumstances from which the jury were justified in finding that Mrs. Bercher was acting as her grandmother's agent. This question of agency was submitted to the jury; we must assume that it was resolved against the appellants.

Just before the collision Barker had been parked, facing south, on the righthand side of Towson Avenue, a four-lane street in Fort Smith. Barker pulled away from the curbing, intending to make a U-turn and travel northward. After he had almost cleared the outer righthand lane, where he had been parked, and was about three-fourths of the way across the inner lane, his engine died. Barker tried to start his car, but it seemed to be flooded. He first saw the Wagnon automobile, approaching from the south, when it was about a block away. It appeared to Barker that Mrs. Bercher didn't see him: "She was just coming too fast to stop, and it looked like she didn't even see me there." Barker stated that his car had been standing still in the street for "quite a while" before Mrs. Bercher applied her brakes. The Wagnon car left 72 feet of heavy skid marks and struck the Barker vehicle with great force, throwing Mrs. Wagnon into the windshield.

Mrs. Bercher admitted candidly that she did not see Barker's car "until it was just too late. When I looked up he was in my lane, and I slammed on the brakes and went into him, and I couldn't stop." On cross-examination she confessed that she had not seen where Barker

came from; he was already stopped when she first saw his car in her path.

Giving the evidence its strongest force in favor of the verdict, we think it plain that there is substantial proof to support a finding that Mrs. Bercher's negligence was at least equal to that of Barker. (The jury could well have believed that if Mrs. Bercher had been traveling at a lawful speed and had been keeping a proper lookout she would have seen Barker in ample time to have stopped before reaching his car.) Under our comparative negligence act the plaintiffs were not entitled to recover if the negligence of their agent equaled or exceeded Barker's negligence. Ark. Stats. 1947, § 27-1730.2.

It is now argued by the appellants that Mr. Wagnon, at least, should recover his share of the property damage, since Mrs. Bercher was his wife's agent, not his. Had this contention been urged in the trial court the jury might have found that Mrs. Wagnon had implied authority to bind her husband in the selection of a driver for the family car. But this contention was not made below. To the contrary, the plaintiffs, by their requested instruction No. 2, asked the court to submit as an issue of fact the question of Mrs. Bercher's agency for both the Wagnons, and that issue was actually submitted by the court's instruction No. 4. A party who requests the submission of an issue of fact is not in a position to contend that no such issue existed. *The Home Company* v. *Lammers,* 221 Ark. 311, 254 S. W. 2d 65.

The court's instruction No. 4 is challenged upon two grounds, but neither of the defects now urged was mentioned in the single specific objection that was made in the court below. There was no general objection. We have repeatedly held that when a party makes only a specific objection to an instruction he waives all other objections. *Southern Anthracite Coal Co.* v. *Bowen,* 93 Ark. 140, 124 S. W. 1048; *Southern Bauxite Co.* v. *Brown-Pearson Cash Feed Store,* 172 Ark. 117, 288 S. W. 377; *Coca-Cola Bottling Co. of Blytheville* v. *Doud,* 189 Ark. 986, 76 S. W. 2d 87: The opinion in *Trumbull* v. *Martin,*

58

137 Ark. 495, 208 S. W. 803, indicating that an unfounded specific objection may be treated in this court as a general objection, is contrary to our cases both before and after that decision and cannot be regarded as a correct statement of the law.

The court properly refused the plaintiffs' instructions No. 4 and No. 5. The former would have been abstract and confusing to the jury, in that it embodied a number of traffic rules that were of no importance in this case. It mentioned, for example, a driver's duty to signal for a turn during the last 100 feet before turning. But Mrs. Bercher admittedly was not looking ahead and did not even see the Barker automobile; so it is plain that whether Barker gave a signal was immaterial.

Instruction No. 5 would have told the jury that neither the owner of a car, nor a passenger, is liable, merely because of the relationship, for the negligence of the driver. Liability on account of negligence was covered by the instructions that were given. We are wholly unwilling to order a new trial simply because the court refused to give a negative charge setting out matters that counsel were at liberty to argue to the jury upon the basis of the instructions that were actually given.

Affirmed.