**Beryl M. DAVIS, Appellant,**

**v.**

**FOOD MART, INC., Appellee.**

**No. 21174.**

United States Court of Appeals
Fifth Circuit.

June 30, 1964.

Rehearing Denied Aug. 7, 1964.

Otto B. Mullinax, Dallas, Tex., for appellant.

Chester G. Ball, Jack E. Harris, Arlington, Tex., for appellee.

Before HUTCHESON, PRETTY-MAN* and JONES, Circuit Judges.

PER CURIAM.

This is a Texas diversity slip-and-fall case. The jury found unavoidable accident. Appellant, plaintiff below, complains, first, that there was insufficient evidence to submit the issue of unavoidable accident to the jury, and, second, that the issue was not properly submitted.

The facts in general are that: appellant went from one end of the aisle to the other in appellee's store for some soap; the aisle was crowded; she fell and sustained injury; a bottle of insecticide had been broken in the middle of the aisle; nobody knows, at least there was no evidence showing, how or when. An employee of appellee had cleaned up the glass and had gone back to get a mop, leaving

---

* Of the District of Columbia Circuit, sitting by designation.

a broom and a paper sack either in the puddle or on one side of it; there was conflict in the testimony as to where the puddle was and where the appellant fell— the puddle was either at the end of the aisle (approximately where appellant got the soap she was after) or midway down it, and appellant fell somewhere between that end and midway back; the aisle was 60 or 70 feet long. Appellant testified that she did not see the sack and broom, as did appellee's manager who helped appellant after the accident.

The gist of appellant's first argument is that, while various defenses could be raised under these facts, there is not sufficient evidence to raise the issue of unavoidable accident. As controlling on this point, appellant cites Strauss v. La-Mark, Tex.Civ.App., 360 S.W.2d 583, affirmed Tex. 366 S.W.2d 555.

■■■ Appellee answers that appellant did not object to the sufficiency of the evidence to raise the issue but only to the manner in which the trial court placed the burden, and that the appellant is confined to his objection, and, besides, that the jury could have found, especially since there is no evidence as to how the bottle got to the floor or how long it had been there, that the accident occurred without negligence on either side.

Appellant next argues that the court erred in submitting "unavoidable accident" without a pleading of the defense and in allowing appellee to amend its pleading after judgment to bring it in. The argument is that "a special issue is improperly submitted to the jury where it is not raised by the pleadings" and further that there was no explanation why this was not pleaded originally, and appellant's evidence did not justify the subsequent amendment.

■■■ Appellee answers that under federal law this issue was raised by its general denial, and, at any rate, the issue was raised at pretrial and tried by implied agreement under Civ.R.Fed.P. rule 15(b).

Appellant next argues that, as the court defined unavoidable accident, the jury could have believed that appellee's employees might have been at fault, but not appellee, and also, that as the issue was framed, the jury could have believed that if a stranger knocked the bottle off the shelf, the accident was unavoidable even though the jury believed that appellee owed appellant a duty to prevent harm from flowing to her from the consequences.

■■■ Appellee answers (1) that the court used "either party" in its definition of unavoidable accident, and it is far-fetched to think the jury took that to mean that it excluded agents, and (2) that the appellant, in asking that the definition of unavoidable accident include "any party to the event" (as opposed to any party to the suit), would have led the jury to speculate as to whom that included and would be contrary to Texas law.

■■■ Appellant next complains that the trial court erred in placing the "unavoidable accident" interrogatory as number two on the list of interrogatories and instructing the jury not to answer the others if they answered this one in the affirmative that this was error, because appellant was entitled to have a jury finding on primary negligence. Appellee answers that the order of submitting special issues is discretionary and that besides the appellant did not make this objection below and may not make it now.

Lastly, appellant argues that the court erred in failing to give an explanatory charge that appellant had no duty to inspect the aisle and could assume it to be safe, although she could not close her eyes to obvious dangers.

■■■ Appellee answers that this objection was not made below and was not raised in the motion for a new trial, and that, at any rate, the jury, having answered the question as it did, never got to the point where such an explanation would have been useful.

We are of the view that no reversible error is made to appear, and that the judgment must be affirmed.