Isadore REICHEK, Appellant,

v.

Harry H. ZEHNER, Appellee.

No. 4060.

Court of Civil Appeals of Texas.

Eastland.

June 10, 1966.

Rehearing Denied July 8, 1966.

R. Philip Schulze, Houston, Clawson, Jennings & Clawson, Houston, Max H. Jennings, Houston, for appellant.

White & Davidson, Houston, Frank O. White, Houston, for appellee.

COLLINGS, Justice.

Harry H. Zehner brought suit against Isadore Reichek and Best Barber and Beauty Supply Company, Inc., for damages. Plaintiff alleged that he suffered damages which resulted from personal injuries sustained in an automobile collision; that the automobile he was driving was struck from the rear by a truck owned by Best Barber and Beauty Supply Company, Inc., and operated by Isadore Reichek. The case was tried before a jury. Based upon the verdict, judgment was rendered for plaintiff against Reichek for $7,609.60. Judgment was entered denying recovery against Best Barber and Beauty Supply Company, Inc. Reichek has appealed.

Appellant urges one point of error in which he contends that the trial court erred in refusing to submit to the jury his requested special issue on the question of unavoidable accident. The special issue and accompanying definition requested by appellant was as follows:

"Requested Special Issue No. A

Do you find from a preponderance of the evidence that the collision in question was not the result of an unavoidable accident?

Answer: 'It was not the result of an unavoidable accident'
or
'It was the result of an unavoidable accident'

By the term 'unavoidable accident', as used in the foregoing Special Issue, is meant an accident that occurred without either the Plaintiff, Harry Zehner, or the Defendant, Isadore Reichek, being guilty of negligence in doing, or omitting to do, anything which was a proximate cause of the collision in question."

The evidence shows that at ·the time of the ·collision the parties were travelling south on Milam Street in downtown Houston at about 5:00 p. m. The evidence shows that the traffic was heavy and the streets were wet and slippery; that appellee Zehner was driving a station wagon and appellant Reichek was driving a pick-up truck belonging to Best Barber and Beauty Supply Company. Both vehicles were in a center lane of the six lane one-way street and other cars were in lanes to their right and left. There was evidence tending to show that Zehner stopped his vehicle ten to ·fifteen feet behind a car at an intersection red light and that he had started to light a cigarette when the rear of his car was struck by appellant's truck. Appellee gave no hand signal when he stopped, but testified that his rear lights were in working order and showed his intention to stop. There was evidence to the effect that appellant Reichek was, immediately preceding the collision, travelling south on Milam Street at about fifteen miles per hour; that he had just gone through an intersection when the automobile some fifteen to twenty feet ahead of him stopped suddenly and without warning. Appellant testified that he immediately put his foot on his brake, but that his foot slipped off the brake pedal and as a result thereof his truck proceeded to strike the rear end of the car in front of him, which was appellee's station wagon. Appellant testified that his foot slipped off the brake pedal because the soles of his shoes were wet from having walked on the wet sidewalk and street to his truck just prior to driving to the place where the collision occurred. Appellant further testified that he had stopped for traffic lights and stop signs at several intersections just prior to the collision with appellee's automobile and that his foot had not slipped off the pedal on such prior stops. Appellant stated that his effort to stop behind appellee was the only time on the occasion

in question that he had to make a sudden stop. He testified that there was traffic on both his right and left which contributed to his inability to avoid a collision. The record shows that appellee Zehner did not strike the car in front of him and that appellant Reichek was not struck by the car behind him. Appellant described the impact of the collision as being very light. He testified that after the collision both parties pulled over to their right side of the street and stopped to talk; that they agreed that they would not call the police to investigate the collision and that after appellant made a telephone call at a nearby service station both parties drove away from the scene of the collision.

■ The issue of unavoidable accident, if raised by the evidence, is for the jury. 40 Texas Jur.2d 708. It is said that the issue is raised "when, and only when, there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties". 65 C.J.S. Negligence § 264, pp. 1192, 1193; Texas & Pacific Railway Company v. Day, 145 Tex. 277, 197 S.W.2d 332; Strauss v. LaMark, 360 S.W.2d 583 (CCA 1962), Revd. on other grounds 366 S.W.2d 555 (Sup.Ct.).

Appellant's pleadings included an allegation that the collision was the result of an unavoidable accident. The court submitted appellee's affirmative issues concerning appellant's negligence and proximate cause in regard to look out, proper application of brakes and following distance. The court refused, however, to submit appellant's requested issue on unavoidable accident. Appellant Reichek testified that he was keeping a proper distance between his truck and appellant's car and that he made a proper application of his brakes under the circumstances. The jury found against appellant on all these issues. In this connection Reichek stated that the soles of his shoes were slick at the time; that his shoes were wet and slick because it had been raining and

that he had walked on the wet street to get to his truck; that he thereafter made several normal stops at intersections just prior to the collision without trouble, but that appellee stopped suddenly in front of him and that he, appellant, had to make a sudden application of his brakes in an effort to avoid a collision; that under these circumstances appellant momentarily lost control of his ability to brake his truck because his shoe slipped off the brake pedal, thereby causing the collision.

■ In our opinion the above testimony raised the issue of unavoidable accident. That issue is raised when there is evidence tending to show that the accident resulted from something other than acts of negligence of either of the parties involved. Dallas Railway & Terminal Company v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952).

■ Of course, if the evidence is conclusive that one of the parties to the suit was guilty of negligence proximately causing the accident, the issue of unavoidable accident would not be raised. There was no such conclusive evidence. Appellee does contend that the evidence strongly supports the conclusion that Reichek was negligent in following appellee too closely and that such negligence was a proximate cause of the collision. Actually, issues concerning such facts were submitted to the jury which found appellant was so negligent, proximately causing the accident. However, we do not understand appellee to contend that such facts were established as a matter of law. In any event, it is our opinion that the evidence raised the issue of unavoidable accident. Under the evidence it could reasonably be concluded that appellant Reichek lost control of his truck because, and only because, his shoe slipped off the brake pedal. The undisputed fact that he was driving his motor vehicle when the soles of his shoes were wet and slick does not under the circumstances constitute negligence as a matter of law. This is particularly true in

view of the fact that he had made several stops at intersections just prior to the collision without trouble. The evidence raises the issue of unavoidable accident and the court erred in not submitting it to the jury. Luvual v. Henke & Pillot, Division, of Kroger Company, 366 S.W.2d 831 (Civil Appeals, 1963), (Ref. N.R.E.); Wichita Transit Company v. Sanders, 214 S.W.2d 810 (Civil Appeals, 1948), (no writ history); Deal v. McLeroy, 346 S.W.2d 934 (Civ.App. 1961, no writ history); Vergauwen v. Parsons, 294 S.W.2d 863, (Civ. App. 1956, no writ history); Kuykendall v. Doose, 260 S.W.2d 435 (Civ.App., 1953, Ref. N.R.E.).

The judgment is reversed and the cause is remanded for another trial.