Richard LEE, Appellant,

v.

G. B. HOWARD III, Appellee.

No. 4551.

Court of Civil Appeals of Texas,
Eastland.

Aug. 11, 1972.

Rehearing Denied Sept. 1, 1972.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Ben Warder, Jr., Dallas, for appellant.

Donald L. Case, Dallas, for appellee.

McCLOUD, Chief Justice.

Richard Lee sued G. B. Howard, III, for personal injuries sustained by Lee when he was accidentally shot by Howard while the two were duck hunting in Arkansas. Both parties are residents of Texas, but since the alleged tortious conduct occurred in Arkansas, the trial court applied the substantive law of that State. Under the Arkansas comparative negligence act a plaintiff is not entitled to recover if his negligence equals or exceeds the defendant's negligence. Arkansas Statute 1947, § 27–1730.2; Wagnon v. Barker, 236 Ark. 55, 364 S.W.2d 314 (1963).

The jury found that both Lee and Howard were negligent in failing to keep such a lookout as a person using ordinary care would have kept, and that plaintiff's negligence constituted 50% of the total negligence of both parties. The trial court entered a take nothing judgment. The plaintiff, Richard Lee, has appealed. We affirm.

Plaintiff and defendant were in a hunting party of four. The men were standing on the south side of a pond, in water, at the edge of some woods and brush. The men began hunting by standing four abreast. All four were experienced hunters. The weather was cold and the hunters wore gloves. The hunting started in early morning and about mid-morning the hunters had a discussion concerning the advisability of seeking more cover. The testimony is conflicting as to who moved and the new position of each hunter. However, the four were at all times within a few feet of each other. As a duck approached the pond, the defendant while raising his gun accidentally shot plaintiff. Plaintiff at the time of the shooting was a few feet in front of defendant.

In answer to Issue No. 3, the jury failed to find that defendant had his finger on

the trigger while in the act of raising his gun, and in accordance with the instructions contained in the charge did not answer the accompanying negligence and proximate cause issues, (Issues Nos. 3A and 3B). In answer to Issues Nos. 5, 6, and 7, the jury found that plaintiff, Lee, failed to keep such a lookout as a person using ordinary care would have kept, that such failure was a proximate cause, and that his negligence constituted 50% of the entire negligence of plaintiff and defendant.

In plaintiff's first three points of error, he argues that there is no evidence to support the answer of the jury to Issue No. 3; that the undisputed evidence is to the contrary; and, that the answer constitutes reversible error because of its effect on the *comparative negligence issue.*

■ Assuming, without deciding, that the undisputed evidence shows that defendant had his finger on the trigger, nevertheless, the jury did not return affirmative answers to Issue No. 3A (whether having the finger on the trigger was negligence) or Issue No. 3B (whether such negligence was a proximate cause). Without objection from plaintiff, Issue No. 3A was conditioned upon an affirmative answer to Issue No. 3, and Issue No. 3B was conditioned upon an affirmative answer to Issue No. 3A. In view of the conditional submission, neither Issue No. 3A nor 3B were answered. If, as plaintiff contends, the undisputed evidence required an affirmative answer to Issue No. 3, he had the duty to object to the conditional submission of Issues 3A and 3B. Strauss v. LaMark, 366 S.W.2d 555 (Tex.Sup.1963). The rule was stated as follows in Bell v. Aetna Casualty and Surety Company, 394 S.W.2d 830 (Tex.Civ.App.—Houston 1965, writ ref. n. r. e.):

"Rule 272, T.R.C.P., provides in effect that objections to the court's charge to the jury not made and presented as pre-

scribed 'shall be considered as waived.' It also provides that the court shall only submit controverted issues of fact. The law is well established in this State that where the court instructs the jury to answer a special issue conditioned upon an affirmative finding to another issue which should not have been given because inquiring about an undisputed established fact, and the jury in compliance with the instruction fails to answer the disputed issue because of not having made such affirmative finding to the preceding issue, a party who did not object to the conditional submission waives the right to have the issue answered, and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue. Whiteside v. Tackett, Tex.Civ.App., 229 S.W. 2d 908, writ dism. See also Gulf, Colorado & Santa Fe Railway Co. v. Simpson, Tex.Civ.App., 331 S.W.2d 785, writ ref., n. r. e.; Duval County Ranch Co. v. Foster, Tex.Civ.App., 318 S.W.2d 25, writ ref., n. r. e.; Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905, writ ref., n. r. e."

Plaintiff says that if the jury had answered Issue No. 3 according to the undisputed evidence and found that Howard had his finger on the trigger while raising the gun, then the jury would probably have found in Issue No. 7 that his negligence was less than 50% of the total negligence of both parties. The jury in Issue No. 7 was asked to find the percentage of negligence attributed to the plaintiff. An affirmative answer to Issue No. 3 would not be a finding of negligence against defendant, and as stated above, we think plaintiff waived his right to have the negligence issue (3A) and proximate cause issue (3B) answered by not objecting to the conditional submission. Plaintiff's points one, two, and three are overruled.

■ Plaintiff's points four through nine attack the jury findings that plaintiff

failed to keep such a lookout as a person using ordinary care would have kept, and that such failure was a proximate cause. Plaintiff contends there is no evidence to support the findings; that such findings are contrary to the great weight and preponderance of the evidence; and, that the evidence is factually insufficient to support the affirmative answers of the jury.

Plaintiff testified that at the time he was shot he turned and saw defendant directly behind him some four to five feet; that he did not know the defendant had moved behind him until he was shot; that there was nothing to prevent him from seeing Howard; that he knew they were all hunting in close proximity; that he knew there was always a possibility a gun might be accidentally discharged; that there was a discussion about seeking more cover; and, that defendant's position was most vulnerable for the ducks to see.

Defendant testified that following the discussion about seeking more cover all of the hunters moved; that there was nothing to keep Lee from seeing him; that after the change in position he was behind Lee; that they were in that position for twenty or thirty minutes before the accident; and, that during that time he and Lee talked to each other.

We think the evidence, set out above, clearly constitutes some evidence in support of the jury findings that plaintiff failed to keep such a lookout as a person using ordinary care would have kept, and that such failure was a proximate cause of the occurrence. Also, we have considered the entire record and hold that the evidence is not factually insufficient to support the verdict and the answers of the jury are not contrary to the great weight and preponderance of the evidence. Plaintiff's points four through nine are overruled.

In plaintiff's tenth point he contends the trial court erred in overruling his motion for an instructed verdict because he says that all of the elements of discovered peril were established as a matter of law. The eleventh and twelfth points challenge the trial court's refusal to submit two requested discovered peril issues.

In Texas & New Orleans Ry. Co. v. Hart, 356 S.W.2d 901 (Tex.Sup.1962) our Supreme Court summarized the discovered peril doctrine as follows:

"This Court has held that the basis for recovery on discovered peril rests on humanitarian doctrines: a person seeing another in a position of peril, and recognizing the danger in time to avoid it, nonetheless negligently fails to use the means at hand to avoid it. The dereliction of duty alleged, it is said, is an act of inhumanity which should never be imputed in the absence of competent evidence warranting an inference of guilt."

The elements of discovered peril are (1) that the plaintiff was in a position of peril, (2) that the defendant actually discovered that the plaintiff was in a position of peril, (3) that the defendant realized that the plaintiff probably would not extricate himself from such perilous position, (4) that such discovery and realization were in time for the defendant to have avoided the accident by the exercise of ordinary care in the use of the means available to him, (5) that after such discovery and realization the defendant failed to exercise ordinary care in the use of the means available to him to avoid the accident, and (6) that such failure was a proximate cause. Gentry v. Southern Pacific Company, 457 S.W.2d 889 (Tex.Sup.1970); 1 Texas Pattern Jury Charges, § 3.06 (1970).

We do not think that discovered peril was established as a matter of law. The evidence shows that plaintiff was stationed at a point between defendant and the pond. A duck appeared. While defendant was raising his gun, it accidentally

**926**

fired. Plaintiff testified that even if he had known the defendant was in back of him he would not have asked him to move. He knew the defendant was an experienced hunter and furthermore, that when two hunters stand within four feet of each other there is only one degree out of the 360° where one would be shooting directly over the head of the other. It is not conclusively established that the defendant actually discovered that plaintiff was in a position of peril and that the defendant realized that the plaintiff probably would not extricate himself from such perilous position. Also, it is not established as a matter of law that such discovery and realization were in time for the defendant to have avoided the accident by the exercise of ordinary care in the use of the means available to him. Safeway Stores, Inc. v. White, 348 S.W.2d 162 (Tex.Sup.1961); Sisti v. Thompson, 229 S.W.2d 610 (Tex.Sup. 1950).

■■ Plaintiff, Lee, did not tender special issues to the trial court embracing each and all of the six elements of discovered peril as set out above. He only requested issues upon elements (5) and (6). When a requested special issue is one of a series of interdependent issues all of which are essential to submit a theory of recovery or defense, such as discovered peril, and none of such issues are already included in the charge, a request is in substantially correct form as required by Rule 279, Texas Rules of Civil Procedure, only when it incorporates all of the required special issues. Plaintiff's requested submission of discovered peril was therefore not in substantially correct form. Crain v. West Texas Utilities Co., 218 S.W.2d 512 (Tex. Civ.App.—Eastland 1949, writ ref. n. r. e.); Yellow Cab Company v. Smith, 381 S. W.2d 197 (Tex.Civ.App.—Waco 1964, writ ref. n. r. e.); 3 McDonald, Texas Civil Practice, § 12.33.2 (1970).

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.