Milton J. HOPKINS, Appellant,

v.

STANDARD FIRE INSURANCE COMPANY, Appellee.

No. 16807.

Court of Civil Appeals of Texas, 1st District.

July 21, 1977.

Sam S. Emison, Jr., Houston, for appellant.

Andrews, Kurth, Campbell & Jones, Edith H. Jones, Houston, for appellee.

COLEMAN, Justice.

This is a worker's compensation case. The case was tried to a jury. Judgment was rendered for the plaintiff for medical

expense in the sum of $240.00 by reason of a stipulation of the parties. The plaintiff was awarded nothing by reason of his disability because of the answers made by the jury to the special issues submitted. The judgment will be affirmed.

While the plaintiff, Milton J. Hopkins, was in the course and scope of his employment he sustained serious accidental injuries to his right leg below the knee when it was run over by a fork lift truck. His leg was placed in a cast which was removed after eight to ten weeks and he was fitted with a double metal upright brace. Full weight bearing was allowed five months after the initial injury. He returned to work at Hughes Tool Company in November, 1974 and has worked there continuously from that time until the time of the trial. He received payments under the worker's compensation law until he returned to work.

The case was submitted to a jury. The jury found: (1) the injury was not a producing cause of any total incapacity; and (2) the injury was not a producing cause of any total loss of use of Plaintiff's right leg, below the knee; and (3) the injury to plaintiff's leg below the knee did not extend to and affect his right leg at or above the knee.

Hopkins contends that there was no evidence, or in the alternative, insufficient evidence to support the jury findings to special issues numbers ten and nineteen. By their answers to these issues the jury failed to find the injury was a producing cause of any total loss of use of the right leg below the knee or that the injury extended to and affected his right leg at or above the knee.

■ Hopkins has failed to properly present his factual sufficiency points and this court may not therefore consider points of error numbers two and four. Both of these points begin with the language "the trial court erred in entering judgment . . ." Although these points contain great weight and preponderance language they are in effect "no evidence" points. *McDonald v. New York Central Mutual Fire Ins. Co.*, 380 S.W.2d 545, 548 (Tex.

1964); *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 277 (Tex.1970).

By point of error number one Hopkins contends that the evidence established as a matter of law that the injury which he received was a producing cause of the total loss of use of his right leg below the knee for some period of time.

"Loss of Use" as used in Art. 8306 § 12 V.A.C.S. was defined by the supreme court in *Travelers Insurance Company v. Seabolt*, 361 S.W.2d 204 (Tex.1962):

> "A total loss of the use of a member exists whenever by reason of injury, such member no longer possesses any substantial utility as a member of the body, or the condition of the injured member is such that the workman cannot procure and retain employment requiring the use of the member."

■ The evidence establishes as a matter of law that for a period of time Hopkins' injury was a producing cause of the total loss of use of his right leg below the knee.

The trial court submitted issues to ascertain the beginning date of the total loss of use, and whether such total loss of use is permanent or only temporary, predicated on a "we do" answer to special issue number ten. There was no objection to this matter of submission. Other issues were predicated on an answer of "temporary" to special issue number twelve inquiring about the ending date of total loss of use and the existence of partial loss of use. These issues were not answered. Other predicated issues were submitted and were not answered as required by the instructions of the court.

■ Under the provisions of Rule 279, T.R.C.P., an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested. When some but not all of a cluster of issues necessary to sustain an independent ground of recovery or defense are given and answered by the jury without objection or request, the trial court may make written findings on omit-

ted issues raised by the evidence. If no written findings are made, the omitted issues are deemed to be found by the court in such manner as to support the judgment. In *Strauss v. LaMark*, 366 S.W.2d 555 (Tex. 1963) the supreme court stated:

"The presumed finding provisions of the Rule apply when an answer to a controlling issue is prevented by improper conditional submission without objection or request by the party who is entitled to and should insist upon a jury finding thereon. . . ."

\* \* \* \* \* \*

"In each of these cases there was no jury finding on a controverted question of fact because the issue as submitted was conditioned on an affirmative answer to a prior issue which was answered in the negative. Although no objection to the conditional submission was made in the trial court, it was contended on appeal that the affirmative of the issue answered by the jury was established by the undisputed evidence as a matter of law. The prior issue had no place in the charge if it was conclusively established by the evidence, and the appellant could have insisted upon an unconditional submission of the disputed question of fact. It was accordingly held that the unanswered issue would be regarded as having been answered by the court in such manner as to support the judgment."

■ It is Hopkins contention on this appeal that special issue number ten was established by the evidence as a matter of law. The issue, under those circumstances, had no place in the charge, and the plaintiff could have successfully objected to the predication of the succeeding issues. It was plaintiff's burden to see that all essential elements of his cause of action were submitted to the jury, or to object to the submission of the case to the jury in such manner that an answer on an essential element would be prevented.

■ By permitting a conditional submission of special issues eleven through eighteen without objection, Hopkins waived his right to have a jury trial on the unanswered

issues and the benefit, if any, he might have received from favorable answers to such issues. Rules 272 and 279, T.R.C.P.; *Strauss v. LaMark*, supra; *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949); *Duval County Ranch Co. v. Foster*, 318 S.W.2d 25 (Tex.Civ.App.— San Antonio 1958, writ ref'd n. r. e.).

In his third point of error Hopkins contends that the trial court erred in entering judgment denying a recovery for injury to the right leg below the knee because there was no evidence to sustain the jury's answer to special issue number nineteen inquiring whether the injury extended to and affected Hopkins' right leg at or above the knee. Neither in this point nor in the statement and argument under the point does the plaintiff assert that the evidence establishes as a matter of law an extension of the injury to the right leg at or above the knee.

■ The jury's negative answer to special issue number nineteen need not be supported by affirmative evidence. It avails him nothing to assert that a negative answer is without support in the evidence. It is his burden to demonstrate that an affirmative answer to special issue number nineteen is established by the evidence as a matter of law. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966).

Hopkins argues that the medical testimony is that the injury extended to and affected the leg above the knee and that there is no evidence to the contrary. It is also asserted that the plaintiff's testimony corroborates that of the doctors. We conclude that this is sufficient to direct this court's attention to the question of whether an affirmative answer to special issue number nineteen was established as a matter of law. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976).

■ An examination of the motion for new trial filed by the plaintiff shows that he did not refer to special issue number nineteen in any manner. There is no point in the motion complaining of the jury's answer to special issue number nineteen

and there is no assertion that an extension of the injury to the right leg below the knee extended to or affected any other part of his body. Since the appellant's third point of error is not germane to a ground of error distinctly set forth in the motion for new trial this court has no jurisdiction to consider it. *Darryl v. Ford Motor Company*, 400 S.W.2d 630 (Tex.1969); *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960).

The judgment is affirmed.