**Opinion issued January 29, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-24-00242-CV

———————————————

**JUSTIN CARL PFEIFFER, Appellant/Cross-Appellee**

**V.**

**DAVID H. BERG AND DAVID H. BERG & ASSOCIATES PC, D/B/A BERG & ANDROPHY, Appellees/Cross-Appellants**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-60439**

---

## CONCURRING OPINION

I join the Court's opinion in full.  But another word deserves mention.  This case holds a cautionary tale for litigators, involving nearly a century of cases about conditional submissions.  Read those cases and remember them.

Assume arguendo that appellant Justin Carl Pfeiffer was right all along. Assume that he and the law firm had an agreement, and that he proved it conclusively at the trial. Even if we assume all that, affirmance strikes me as inevitable because of something related to breach and damages. To see why, consider this diagram of the charge in this case:

1. **Agreement?**              <u>**No**</u>

   [*If Yes to Q1, then answer Q2. Otherwise, do not answer Q2.*]
2. **Failure to comply?**      <u>**n/a**</u>

   [*If Yes to Q2, then answer Q3. Otherwise, do not answer Q3.*]
3. **Damages?**                <u>**n/a**</u>

   [*If Yes to Q2, then answer Q4. Otherwise, do not answer Q4.*]
4. **Excuse?**                 <u>**n/a**</u>

The jury would resolve breach and damages only upon a "Yes" to the trigger question about agreement. So when the jury said "No" (which we are assuming was wrong), the follow-up blanks remained empty. That means—and herein lies the cautionary tale—that the unanswered questions became items for the judge to resolve with his factfinder hat on, per Rule of Civil Procedure 279. This result flows

from more than 90 years of supreme court decisions[1] and 60 years of this Court's decisions.[2]

How? Simple. The unanswered issues are treated as omitted from the charge and fit for a bench finding under Rule 279's gap-filling apparatus:

> [W]here the charge of the court instructs the jury to answer a special issue only conditionally, and the jury in compliance with the instruction fails to answer the issue, a party who did not object to the conditional submission waives the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue.

*Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 990 (1949).

As Justice Eva Guzman once put it: "[B]y failing to object to the conditioning instructions, the [parties who would have benefited from answers to the follow-up questions] waived their right to a new trial to allow a jury to answer these questions." *Env't Procs., Inc. v. Guidry*, 282 S.W.3d 602, 632 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (op. on reh'g). The parties had a full trial, and they do not need another one.

---

[1] *See Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex. 1981); *Bay Petroleum Corp. v. Crumpler*, 372 S.W.2d 318, 320 (Tex. 1963) (Calvert, C.J.); *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 990 (1949); *Tex. Emps.' Ins. Ass'n v. Ray*, 68 S.W.2d 290, 295 (Tex. Civ. App.—Fort Worth 1933, writ ref'd) (op. on reh'g).

[2] *See Lockett ex rel. S.L. v. Martin Fein Ints., Inc.*, No. 01-98-01333-CV, 2001 WL 1243961, at *4 (Tex. App.—Houston [1st Dist.] Oct. 18, 2001, no pet.) (op. on reh'g, not designated for publication); *Hopkins v. Std. Fire Ins. Co.*, 554 S.W.2d 270, 273 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ); *Boyer v. Gulf, Colo. & Santa Fe Ry. Co.*, 306 S.W.2d 215, 223 (Tex. Civ. App.—Houston 1957, writ ref'd n.r.e.).

The logic behind this rule is compelling. An undisputed fact should never be the subject of a jury question. So if a trigger question asks about an undisputed fact, it has no place in the charge and should never be the gateway to whether the jury reaches any ensuing questions. A party who needs those ensuing answers but allows conditioning on such a trigger question runs the risk of the jury making a mistake in answering the trigger question (and then leaving the next blanks empty).

In such a case, supreme court precedent deems the parties to have consented to a bench trial on the unanswered inquiries, per Rule 279:

- "The presumed finding provisions of the Rule apply when an answer to a controlling issue is prevented by improper conditional submission without objection or request by the party who is entitled to and should insist upon a jury finding thereon." *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex. 1981).

- "[B]y failing to object to the conditional submission of issues nos. 2 and 5 the plaintiffs waived their right to have them answered; and under the provisions of Rule 279, Texas Rules of Civil Procedure, there is a deemed finding in support of the court's judgment . . . ." *Bay Petroleum Corp. v. Crumpler*, 372 S.W.2d 318, 320 (Tex. 1963) (Calvert, C.J.).

- "Appellant is in no position to complain of the absence of any finding by the jury on the requested issue as to whether or not plaintiff's injury only partially disabled him to work, in the absence of any exception to the court's instruction not to answer that issue if in answer to other issues they had already found that his injury wholly and permanently disabled him to work." *Tex. Emps.' Ins. Ass'n v. Ray*, 68 S.W.2d 290, 295 (Tex. Civ. App.—Fort Worth 1933, writ ref'd) (op. on reh'g).

Our cases naturally agree. *See, e.g.*, *Hopkins v. Std. Fire Ins. Co.*, 554 S.W.2d 270, 273 (Tex. App.—Houston [1st Dist.] 1977, no writ) ("By permitting a conditional

submission of special issues eleven through eighteen without objection, Hopkins

waived his right to have a jury trial on the unanswered issues . . . .").

Now, a bench trial does not mean defeat. No matter who makes the factual

finding—judge or jury—counsel still has a chance to make a persuasive case; and if

that fails, counsel can argue insufficiency of the evidence on appeal. Just know that

conditioning has consequences. A question is not "submitted" merely because it is

legible. Think of how testimony is not evidence merely because it was audible; if

the judge says, "*disregard that*," the testimony does not count.

Similarly, when jurors are told to reach a question only upon a condition,

failure of the condition will render the unanswered question *omitted*, not *submitted*.[3]

This tenet was "well established" by the time of *Bell v. Aetna Casualty & Surety Co.*,

394 S.W.2d 830, 833 (Tex. Civ. App.—Houston 1965, writ ref'd n.r.e.) (Werlein, J.),

back in the days before a Fifteenth Court of Appeals or even a Fourteenth.

Here the charge has only four questions. Question 1 asked about agreement.

Questions 2 and 3 asked about breach and damages, but they were both conditioned

on a "Yes" to Question 1—which did not happen. Under all the cases just cited,

---

[3]     *See Lee v. Howard*, 483 S.W.2d 922, 924 (Tex. Civ. App.—Eastland 1972, writ ref'd n.r.e.); *Jenkins v. Hennigan*, 298 S.W.2d 905, 914 (Tex. Civ. App.—Beaumont 1957, writ ref'd n.r.e.); *Knight v. Stewart*, 287 S.W.2d 748, 749 (Tex. Civ. App.—Dallas 1955, no writ) (op. on reh'g); *Whiteside v. Tackett*, 229 S.W.2d 908, 911–12 (Tex. Civ. App.—Austin 1950, writ dism'd); *Bankers Std. Life Ins. Co. v. Atwood*, 205 S.W.2d 74, 77 (Tex. Civ. App.—Austin 1947, no writ); *Spears Dairy v. Davis*, 125 S.W.2d 382, 383 (Tex. Civ. App.—Beaumont 1939, no writ).

breach and damages went to the judge. Pfeiffer does not argue that he proved breach and damages conclusively, so we deem the judge to have resolved breach and damages in a way that supports the judgment.

We do this because of supreme court precedents—from *Ray* to *Little Rock* to *Bay* to *Harmes*—which honor the policy concerns that are embedded in Rule 279. *See Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 565 (Tex. 2002) ("[T]he rule provides a number of presumptions that are designed to avoid remands . . . ."). Trials take a lot of time and money, so why have two when one will do?

Trials require tradeoffs. Every time an objection is possible, counsel has to balance the costs of not objecting (*e.g.*, allowing the hearsay) against the costs of objecting (*e.g.*, slowing down the trial, looking obstructionist, etc.). Tradeoffs also pervade the charge stage. Conditional submissions have their place, *see Turner v. Precision Surgical, L.L.C.*, 274 S.W.3d 245, 249 (Tex. App.—Houston [1st Dist.] 2008, no pet.), and can streamline trials, but at a cost to those who want the follow-up questions answered. Maybe the cost will be trivial. If the trigger question will not come under matter-of-law attack after verdict, the *Little Rock* scenario should not arise, so conditioning may be fine. If not, caution may be appropriate. Just approach conditioning with eyes wide open.

Last, let me anticipate three possible reactions to these 90 years of precedents. The flaws in these reactions will be apparent from the outset, but sometimes it helps to articulate misgivings.

1. "*May I disregard supreme court cases on the basis of their age or their unfamiliarity to me?*" No. They remain binding unless and until the supreme court overrules them.[4]

2. "*Did these supreme court precedents about Rule 279 make more sense back in the Cold War when civil jury trials were longer than they are today?*" No. Trials were shorter then, not longer.[5] Whatever social value there was in avoiding needless second trials back in those days, and it was surely meaningful, that value has only increased as trials have become longer and more expensive.

3. "*Other lawyers often use conditional submissions, and the Pattern Jury Charge shows how to word such instructions, so does PJC language guarantee me*

---

[4]    *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964) ("After a principle, rule or proposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent . . . ."); *see also In re Smith Barney, Inc.*, 975 S.W.2d 593, 598 (Tex. 1998) (orig. proceeding) ("[F]ollow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.") (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)).

[5]    *See, e.g.*, Justice Scott Brister, *The Decline in Jury Trials: What Would Wal-Mart Do?*, 47 S. TEX. L. REV. 191, 209 (2005); Nora Freeman Engstrom, *The Trouble with Trial Time Limits*, 106 GEO. L.J. 933, 955 (2018); *see also* Randy Wilson, *Civil Litigation Trends in One of the Nation's Largest Counties*, HOUSTON LAW., July/August 2013, at 10, 15.

7

*an escape from Rule 279 and the 90 years of cases enforcing it?*" No. Do not blindly assume that because conditioning is common, it is always the wisest choice. That PJC language may tell you how to word something, but knowing when to use it is different. And even if the PJC declared conditioning splendid in every conceivable situation, the PJC is fallible and does not owe your client a duty of care. Be up to date on PJC positions, but you might also benefit from remembering some rules and cases.

David Gunn
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Justice Gunn, concurring.