Helen S. STRAUSS, Petitioner,

v.

Lewis LaMARK et al., Respondents.

No. A-9311.

Supreme Court of Texas.

March 13, 1963.

Rehearing Denied April 24, 1963.

Milton Schwartz, Mabel Grey Howell, Houston, for petitioner.

Butler, Binion, Rice & Cook, Clyde Bracken, Jr., and John L. McConn, Jr., Houston, for respondents.

WALKER, Justice.

Helen S. Strauss, petitioner, brought this suit against Lewis LaMark, et al., respondents, to recover for personal injuries alleged to have been sustained when petitioner tripped on an electrical cord in the aisle of a beauty shop owned and operated by respondents. Special Issue No. 1, which inquired whether the cord extended into the aisle, was answered by the jury in the negative. The next five issues were conditioned on an affirmative answer to Special Issue No. 1 and were not answered. These issues inquired whether petitioner tripped and fell on the cord, whether the cord had extended into the aisle for such length of time that respondents knew or in the exercise of ordinary care should have known of it, whether respondents were guilty of negligence which was a proximate cause of the accident, and whether the cord was open and obvious. In response to Special Issues Nos. 7 and 9, the jury found that petitioner did not fail to keep a proper lookout and that her fall was the result of an unavoidable accident. The trial court rendered judgment on the verdict that petitioner take nothing. Petitioner perfected her appeal, and the Court of Civil Appeals held: (1) that the jury's answer to Special Issue No. 1 is contrary to the great weight and preponderance of the evidence, and (2) that the issue of unavoidable accident is not raised by the evidence. On the basis of these conclusions, it entered a decree reversing the judgment of the district court and remanding the cause for a new trial. Respondents then filed a motion for

rehearing in which they insisted that petitioner, by failing to object to the conditional submission of Special Issues Nos. 2 to 6, inclusive, had waived her right to have such issues answered by the jury and that the same must now be deemed to have been found by the trial court in such manner as to support its judgment. The Court of Civil Appeals sustained this contention, granted the motion for rehearing, and affirmed the judgment of the trial court. Tex.Civ.App., 360 S.W.2d 583.

We agree with the Court of Civil Appeals that the issue of unavoidable accident is not raised by the evidence. The only remaining question to be decided then is the one considered by the intermediate court on rehearing. Under the provisions of Rule 279, Texas Rules of Civil Procedure, an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested. When some but not all of a cluster of issues necessary to sustain an independent ground of recovery or defense are given and answered by the jury without objection or request, the trial court may make written findings on omitted issues raised by the evidence. If no written findings are made, the omitted issues are deemed to have been found by the court in such manner as to support the judgment.

The presumed finding provisions of the Rule apply when an answer to a controlling issue is prevented by improper conditional submission without objection or request by the party who is entitled to and should insist upon a jury finding thereon. In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, the jury found in response to Special Issues Nos. 15 and 16 that the plaintiff failed to keep a proper lookout but that such failure was not negligence. Under the definition of "proper lookout" given as part of the charge, the answer to Special Issue No. 15 amounted to a finding that the plaintiff was negligent. The causation issue, which was conditioned on an affirmative answer to Special Issue No. 16, was not answered. Judgment was rendered in favor of the plaintiff, and the defendant contended on appeal that its motion to declare a mistrial should have been granted because of the irreconcilable conflict between the answers to Special Issues Nos. 15 and 16. Our opinion points out that the burden was on the defendant to establish its defense of contributory negligence and obtain jury findings thereon, and that it could have insisted that the jurors be permitted to answer the causation issue in the event they found that the plaintiff failed to keep a proper lookout. Since no objection was made to the conditional submission, it was held that the defendant had waived its right to a jury finding on proximate cause and that the unanswered issue would be deemed as found by the trial court in such manner as to support the judgment.

Respondent also cites Gulf, C. & S. F. Ry. Co. v. Simpson, Tex.Civ.App., 331 S. W.2d 785 (wr. ref. n. r. e.); Duval County Ranch Co. v. Foster, Tex.Civ.App., 318 S.W.2d 25 (wr. ref. n. r. e.); Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905 (wr. ref. n. r. e.); and Whiteside v. Tackett, Tex.Civ.App., 229 S.W.2d 908 (wr. dis.). In each of these cases there was no jury finding on a controverted question of fact because the issue as submitted was conditioned on an affirmative answer to a prior issue which was answered in the negative. Although no objection to the conditional submission was made in the trial court, it was contended on appeal that the affirmative of the issue answered by the jury was established by the undisputed evidence as a matter of law. The prior issue had no place in the charge if it was conclusively established by the evidence, and the appellant could have insisted upon an unconditional submission of the disputed question of fact. It was accordingly held that the unanswered issue would be regarded as having been answered by the court in such manner as to support the judgment. In the Whiteside case the Court of Civil Appeals said that the answer of the jury to the first issue was so against the pre-

ponderance of the evidence as to be clearly wrong. A reading of the opinion discloses, however, and an examination of the record confirms, that the only contention made by the appellants in that case with reference to such issue was that the same should have been found in their favor by the trial court as a matter of law. The decision does not, therefore, support respondent's position in the present case. See also Knight v. Stewart, Tex.Civ.App., 282 S.W. 2d 307, 287 S.W.2d 748 (no writ).

■ Petitioner's situation is quite different from that of the appellants in the cases cited above. She has not contended that the extension of the cord into the aisle is conclusively established by the undisputed evidence, and the contention would not be sound even if it had been made. The Court of Civil Appeals held that the jury's answer to Special Issue No. 1 is contrary to the great weight and preponderance of the evidence, and this conclusion was reiterated in its opinion on rehearing. Petitioner would have accomplished nothing by attempting to raise that question in the trial court prior to her motion for new trial, which came after the entry of judgment. See De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 359, 365. The district judge was required to submit Special Issue No. 1 to the jury even though a negative answer might be contrary to the overwhelming preponderance of the evidence. It is well settled, moreover, that conditional submission of special issues is authorized by our Rules of Civil Procedure. See Hunter v. Texas Electric Ry. Co., Tex. Civ.App., 194 S.W.2d 281 (wr. ref.); 41b Tex.Jur.Trial—Civil Cases § 481 and authorities there cited. The practice serves a number of useful purposes and should not be discouraged.

■ The burden was on petitioner to obtain a jury finding that the cord extended into the aisle, and she could hardly be expected to object to the submission of Special Issue No. 1. If objection had been made to the conditional submission of the succeeding five issues, the trial court would have been justified in overruling the same. There is no basis for saying that petitioner waived jury findings on these issues when she did not have the right to insist that they be unconditionally submitted. In view of the provisions of Rule 274, Texas Rules of Civil Procedure, it would be rather strange to require that unfounded objections to the charge be made as a predicate for contentions which cannot be urged until after judgment is rendered. We hold that the failure to make such an objection does not deprive the appellant of the right to a new trial when the Court of Civil Appeals finds that the jury's answer to a controlling issue is contrary to the overwhelming weight and preponderance of the evidence.

The judgments of the courts below are reversed, and the cause is remanded to the district court for a new trial.