NATIONAL SURETY CORPORATION,
Appellant,

v.

Tom Pete MOORE, Appellee.

No. 16431.

Court of Civil Appeals of Texas.

Dallas.

Dec. 11, 1964.

Rehearing Denied Jan. 29, 1965.

Touchstone, Bernays & Johnston, and Duffield Smith, Jr., Dallas, for appellant.

Yarborough, Yarborough & Johnson, W. E. Johnson, Dallas, for appellee.

BATEMAN, Justice.

Workman's compensation suit. The employee, Tom Pete Moore, alleged injury to

his back on September 14, 1961, resulting in total permanent disability. The jury found his total incapacity to have been temporary for 120 weeks, followed by temporary partial incapacity for 260 weeks. The insurer, National Surety Corporation, appeals from the judgment rendered on such verdict. We reverse and remand because of prejudicial jury misconduct complained of in appellant's first four points of error on appeal and the error asserted in Point 5.

Eight of the jurors testified at the hearing of the motion for new trial, and they all recalled that during their deliberations the jurors Pennington and Russell (neither of whom testified) gave information of their own prior back injuries. Two of the jurors, Mrs. McClanahan and Holloway, presented by appellant, testified that Pennington told the other jurors on several occasions about his back having been injured in an airplane and that he had never fully recovered. According to Mrs. McClanahan, Pennington also stated that he had always had trouble with his back since the accident and believed that once a person had been injured in the back he never recovered because he never had. She also testified that on more than one occasion the juror Russell told of his back injury from which he said he had never recovered. Holloway testified that Pennington mentioned his own injuries more than once and discussed them about half the time he was talking; also that some juror, whose name he could not recall, gave certain information concerning life expectancies, from which they figured appellee had thirty-two more years of life expectancy. Mrs. McClanahan said that this was used by the jury "to decide the length of time to give Mr. Moore on his disability." No evidence of any of such matters was introduced at the trial.

Appellee presented the testimony of six other jurors, including the foreman Hogue. They all admitted that Pennington and Russell mentioned their own back injuries while discussing the issues on whether the

incapacity was temporary or permanent and the duration thereof. Foreman Hogue stated that he could not recall the number of times Pennington brought up his own experiences, but that each time he did bring it up he rebuked him and told him it was not to be used as evidence. Hogue also testified that back injuries were brought up two or three different times, that he cannot recall who brought them up and how many times, but that each time they were told that the judge instructed them not to use it as evidence. He also recalled the matter of life expectancy having been brought up. Four of the six jurors recalled that back injuries of some of the jurors were brought up several times, but that each time whoever brought it up was rebuked and admonished that it was not proper for them to consider it. Two of the six jurors did not remember the matter having been brought up more than one time, when the foreman promptly stopped it and told them they should "go by the evidence." Mrs. McClanahan stated on cross-examination that the foreman stopped the discussion of other jurors' back injuries several times "after it had already been said" and admonished the jury that that was not to be taken into consideration but that they "were to go on the evidence." Holloway's testimony was similar in this respect.

■ Two doctors had testified at the trial; one that in his opinion appellee had a herniated disc and was totally and permanently disabled; the other that his examination of appellee revealed only a low back strain, with no symptom of a herniated disc, and that in his opinion the strain had disappeared at the time of the examination in January 1962. It appears without dispute that at least two jurors gave unsworn evidence in the jury room concerning their own injuries, similar in nature to those suffered by appellee, and the duration of incapacity resulting therefrom, and that this occurred during deliberations upon, and before determination of, the period of appellee's incapacities. The fact that this

was misconduct of a material nature is not open to question. It then becomes our duty to determine whether such misconduct probably resulted in injury to appellant. This is a question of law, to be determined by us after examining the entire record in the case. Rule 327, Vernon's Texas Rules of Civil Procedure; White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615.

Appellee argues earnestly that the judgment should not be reversed on account of jury misconduct because: (1) the jurors guilty of the alleged misconduct were promptly rebuked and the jury admonished by the foreman and others that these matters were not to be considered; (2) the evidence and record as a whole shows that the juror Mrs. McClanahan, who told the other jurors that her husband had also sustained a back injury but that it did not prevent him from working, more than "neutralized" the alleged misconduct and actually succeeded in convincing the other jurors of her view that appellee had not sustained a permanent injury; and (3) appellant failed to sustain the burden of showing that the mention of personal back injuries probably resulted in harm to it.

■ It is well settled in our law that when a juror starts to tell of personal experiences that might influence the jury, or to make any other improper remark, if the foreman or other member of the jury promptly rebukes the offending juror and admonishes the jury not to consider such matters, and the matter is not thereafter considered, no reversible error is shown. Walker v. Thompson, Tex.Civ.App., 287 S.W.2d 556, wr. ref. n. r. e.; St. Paul Mercury Indemnity Co. v. Bearfield, Tex.Civ. App., 296 S.W.2d 956, wr. ref. n. r. e. But in this case the evidence taken at the hearing of the motion for new trial and the record as a whole convince us that, not only

was the mischief completed when the rebuke came, but that it was repeated several times. The foreman evidently did not exercise that degree of control over the deliberations and statements of jurors as was necessary to prevent the occurrence and recurrence of this misconduct for it is obvious from the record that his admonitions went unheeded. We note that similar efforts of foremen and other members of juries to rebuke and admonish, where shown to be ineffective, have been held not to render the misconduct harmless. Associated Employers Lloyds Co. v. Grissom, Tex.Civ.App., 291 S.W.2d 756, wr. ref. n. r. e.; White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Travelers Ins. Co. v. Carter, Tex.Civ.App., 298 S.W.2d 231, wr. ref. n. r. e.; Burkett v. Slauson, 150 Tex. 69, 237 S.W.2d 253.

■ It has also been held that several improper jury arguments, taken together, will require reversal even though no one instance would be sufficient by itself to do so, Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302, and that jury misconduct ought to be governed by the same rule. Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642, 645. While we feel that any one of the acts of alleged misconduct, standing alone and followed by proper rebuke and admonition and not pursued further, would probably not require reversal, we are quite well convinced that the several acts shown by the entire record of this case together do require it.

■ We therefore hold that the appellant carried the burden of establishing misconduct, the materiality thereof, that injury probably resulted to it, and that the trial court should have granted its motion for new trial. Garcia v. Phoenix Assurance Co. of N. Y., Tex.Civ.App., 376 S.W.2d 77, wr. ref. n. r. e. Appellant's first four points of error are sustained.

■ By its fifth point of error appellant says the court erred in admitting in evi-

**330**

dence a written medical report of Dr. James W. Sewell over appellant's objections that it constituted hearsay and that no proper predicate had been laid for its admission. Appellee called to the witness stand appellant's adjuster and obtained from his file the report in question, and the trial court permitted him to introduce it in evidence as a business record kept in the usual course of business, under Article 3737e, Vernon's Ann.Civ.St. It was not shown that the report was made by any employee or representative of appellant in the regular course of appellant's business, with personal knowledge of the information contained therein; only that it was *kept* by appellant's adjuster, who had no personal knowledge of the facts stated in the report, as a part of his file; neither was it shown that the doctor who presumably "made" the report was unavailable as a witness. Being hearsay, and no opportunity for cross-examination being given to appellant, and the provisions of Article 3737e being inapplicable, the report was inadmissible. Skillern & Sons, Inc. v. Rosen, Tex.Sup.Ct., 1962, 359 S.W.2d 298.

■ Was the admission of this report prejudicial to appellant, or was it harmless error? Rule 434, T.R.C.P. Appellant in effect concedes that there is nothing in the report which in itself is prejudicial, but directs our attention to this statement therein: "Acute low back strain versus herniated disc. Possible spondylolisthesis," and takes the position that this long technical word, spondylolisthesis, going before the jury and into the jury room unexplained and undefined, probably caused the jury to believe that appellee's injuries were more serious and his period of incapacity of longer duration than would otherwise be the case. We agree with appellant. During the deliberations of the jury the foreman sent a note to the judge requesting a definition of the word, demonstrating that the jury was concerned about it. The request was refused. There was evidence at the hearing of the motion for new trial to the effect that at least one juror took this report into con-

sideration in arriving at the verdict. The error cannot be said to be harmless by application of the tests provided by Rule 434. Atkins v. Graves, Tex.Civ.App., 367 S.W.2d 372, 376, wr. ref. n. r. e. The fifth point is sustained.

Appellant's sixth and seventh points of error complain of the refusal of the trial court to permit the introduction of evidence in an effort to impeach appellee's witness Dr. H. Y. Sigler. We have concluded that under the circumstances shown by this record no reversible error appears. These points are overruled.

Reversed and remanded.