**ARKLATEX CORPORATION, Appellant,**

v.

**Glen HARMES et al., Appellees.**

**No. 5475.**

Court of Civil Appeals of Texas, Eastland.

Aug. 14, 1980.

Rehearing Denied Aug. 28, 1980.

Roy B. Longacre, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellant.

A. L. (Dusty) Rhodes, Rhodes, Doscher & Heatherly, Abilene, for appellees.

McCLOUD, Chief Justice.

Glen Harmes and Max Wilson, d/b/a M & G Oil and Gas, drilling contractors, sued Arklatex Corporation, operator, seeking recovery for drilling expenses, and damages for the loss of plaintiffs' drilling rig which was destroyed when an oil well blew out and caught fire while being drilled by plaintiffs. Arklatex answered that the blowout was caused by plaintiffs' negligence, and counterclaimed for damages. Judgment in favor of plaintiffs was rendered for $218,-230.25 on the jury's verdict. We reverse and remand.

M & G and Arklatex entered into a drilling contract which provided:

3. It shall be the duty of the Contractor to use in said drilling operations, drilling mud of sufficient weight and consistency to at all times keep the hole in good condition and prevent gas or oil from blowing out, and enable the Operator to take any test deemed necessary.

＊　＊　＊　＊　＊　＊

7. DAY WORK SHALL be done at the sole cost, risk, and expense of the Operator and includes the Contrac-tor's equipment in the event of loss. Contractor agrees, at the request of Operator, to perform the following work for which he will be compensated at the hour rate specified in the foregoing, it being expressly understood that during the performance of such work Operator assumes the responsibility for the hole until such work is completed, unless herein elsewhere specified otherwise.

＊　＊　＊　＊　＊　＊

(b) CIRCULATING SAMPLES. . .

Plaintiffs alleged that while "circulating for samples" the well blew out and under paragraph 7 of the contract the operator, Arklatex, was liable for plaintiffs' destroyed equipment. Arklatex urged that it did not assume the risk of plaintiffs' negligence. See *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company*, 490 S.W.2d 818 (Tex.1972); *Delaney v. Murchison*, 393 S.W.2d 705 (Tex. Civ.App.—Tyler 1965, no writ).

Defendant challenges the jury's answer to the following special issue:

SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that at the time of the blowout in question that M & G Oil and Gas Company failed to use drilling mud of sufficient weight and consistency to prevent the well from blowing out?

ANSWER: No .

Corollary negligence and proximate cause issues were conditioned upon an affirmative jury answer to Special Issue 12. These conditionally submitted issues were not answered because of the jury's negative answer to Special Issue 12. Defendant urges that the court erred in overruling its motion for new trial because the jury's answer to Special Issue 12 is against the "great weight and preponderance" of the evidence. We point out that defendant does not contend that the evidence conclusively established an affirmative answer to the special issue in question.

We have carefully examined the entire record and hold that the jury's answer to Special Issue 12 is against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We think it is obvious from the statement of facts that the controversy was not whether the omission referred to in Special Issue 12 occurred, but whether such omission constituted negligence, and whether such negligence was a proximate cause of the blowout.

■ Plaintiffs argue that by using the word "failed" in the issue, the jury was asked to determine not only the existence of the alleged omission, but also "implicit" in the inquiry is whether the contractors owed the operator a duty to perform the omitted act. They concede that the act was not performed, but urge that the finding is not against the great weight and preponderance of the evidence because the jury could have properly concluded from the evidence that no duty was owed to the operator. Plaintiffs point to evidence that it was an industry practice for the operator to furnish the contractor with a mud report specifying the weight and consistency of the mud to be used. They further argue there is evidence that they were complying with the operator's specification at the time of the blowout. We disagree with plaintiffs' analysis of the special issue. Paragraph 3 of the drilling contract established the duty inquired about in Special Issue No. 12. The evidence cited by plaintiffs is relevant to the negligence issue which was not reached because of the conditional submission. We hold, that in the context of this appeal, Special Issue No. 12 inquires only about the alleged omitted act, and does not also impliedly inquire as to whether the contractors owed the operator a duty to perform the act.

■ Plaintiffs further argue that if the word "failed" in Special Issue No. 12 is construed to merely mean "did not", then there is no question but that they "did not" use drilling mud of sufficient weight and consistency to prevent the blowout, and the omission is established as a matter of law.

Plaintiffs assert that the operator waived its right to jury findings on the negligence and proximate cause issues, and such issues should be deemed found in support of the judgment since the operator failed to object to the conditional submission. See *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949). We disagree. Our Supreme Court in *Strauss v. LaMark*, 366 S.W.2d 555 (Tex.1963) observed that in determining the issue of waiver, an appellant's points of error and contentions on appeal will be highly significant. The court held that there was no waiver and deemed finding on the unanswered issues in support of the trial court's judgment when an appellant successfully contended that the jury's answer to the controverted issue was against the "great weight" and preponderance of the evidence, and made no contention that an affirmative answer to the issue was established by the undisputed evidence as a "matter of law." The *Strauss* holding prompted Professor Hodges to point out that where there was no objection in the trial court to the conditional submission, the "wise appellant will make only the complaint that the finding is contrary to the great weight of the evidence." G. Hodges, Special Issues Submission in Texas, § 80 pages 170–7 (Supp.1969). The author added, "it seems unlikely that a complaint that a jury finding is contrary to the great weight of the evidence, would be overruled on the ground that the answer was contrary to the conclusive evidence."

The appellant in the instant suit, Arklatex, has not contended by point of error or argument that the disputed jury finding is established as a matter of law. We sustain appellant's point of error and hold that the jury's answer to Special Issue 12 is against the great weight and preponderance of the evidence, and that Arklatex did not waive its right to jury findings on the conditionally submitted negligence and proximate cause issues. *Strauss v. LaMark*, supra; 3 R. McDonald, Texas Civil Practice § 12.36.7 (1970).

Judgment of the trial court is reversed and the cause is remanded.

DICKENSON, J., not participating.