Glen HARMES et al., Petitioners,

v.

ARKLATEX CORPORATION,
Respondent.

No. B–9832.

Supreme Court of Texas.

March 25, 1981.

On Rehearing May 6, 1981.

Rhodes, Doscher & Heatherly, Charles E. Myers, Abilene, for petitioners.

Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Roy B. Longacre, Abilene, for respondents.

WALLACE, Justice.

This is a suit on a sworn account by Glen Harmes and Max Wilson, d/b/a M & G Oil and Gas Company, petitioners, against Arklatex Corporation, respondent, to recover the contract amount for drilling an oil well, the cost of maintenance of a crew at the drilling site following a blowout, the value of the drilling rig destroyed by the blowout, and for attorney's fees. The trial court rendered judgment on a jury verdict for the petitioners for each item of damages. The court of civil appeals reversed the judgment and remanded the cause for a new trial. 603 S.W.2d 390. We affirm in part and reverse and render in part.

The issues before us are, (1) whether respondent waived conditionally submitted special issues which were not answered as a result of the jury's answer to the controlling issue; and (2) whether the court of civil appeals was correct in remanding the entire cause rather than affirming in part and remanding in part.

The parties entered into a written contract for the drilling of an oil well; petitioners are the contractor and respondent is the operator. The contract provided:

3. It shall be the duty of the Contractor to use in said drilling operations, drilling mud of sufficient weight and consistency to at all times keep the hole in good condition and prevent gas or oil from blowing out, and enable the Operator to take any test deemed necessary.

. . . . .

7. DAY WORK SHALL be done at the sole cost, risk, and expense of the Operator and includes the Contractor's equipment in the event of loss. Contractor agrees, at the request of Operator, to perform the following work for which he will be compensated at the hour rate specified in the foregoing, it being expressly understood that during the performance of such work Operator assumes the responsibility for the hole until such work is completed, unless herein elsewhere specified otherwise.

The trial court submitted petitioners' special issues which were answered favorably to petitioners and such answers were sufficient to support their recovery of damages. The court then submitted Special Issues No. 12–23 as requested by respondent. Special Issue No. 12 provided:

SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that at the time of the blowout in question that M & G Oil and Gas

Company failed to use drilling mud of sufficient weight and consistency to prevent the well from blowing out?

The jury answered Special Issue No. 12 in the negative. Special Issues No. 13 and 14 inquiring as to negligence and proximate cause were conditioned on an affirmative answer to Special Issue No. 12 and consequently were not answered. Respondent made no objection to the submission of those issues until after the verdict.

Respondent appealed the judgment alleging that the jury's answer to Special Issue No. 12 was against the great weight and preponderance of the evidence. The court of civil appeals sustained that point.

■ Under the provisions of Rule 279, Texas Rules of Civil Procedure, an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested. When some but not all of a cluster of issues necessary to sustain an independent ground of recovery or defense are given and answered by the jury without objection or request, the trial court may make written findings on omitted issues raised by the evidence. If no written findings are made, the omitted issues are deemed to have been found by the court in such manner as to support the judgment. *Strauss v. LaMark*, 366 S.W.2d 555 (Tex. 1963). The presumed finding provisions of the Rule apply when an answer to a controlling issue is prevented by improper conditional submission without objection or request by the party who is entitled to and should insist upon a jury finding thereon. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949).

■ The last sentence of Rule 279 states, "A claim that the evidence was insufficient to warrant the submission of any issue may be made for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party." In its motion for new trial respondent objected to the submission of its controlling Special Issues No. 12, 15 and 18 on the grounds of "no evidence," "insuffi-

cient evidence," and "against the great weight and preponderance of the evidence." Rule 279 provides that a party requesting submission of special issues may object after verdict to their submission; respondent timely objected to the issue in question; and the court of civil appeals sustained the objection. Therefore, the court of civil appeals did not err in this regard. *Strauss, supra.*

The remaining issue is whether the court of civil appeals erred in remanding the entire cause for a new trial rather than affirming petitioners' damages for the cost per foot for drilling the well and the day work as provided in the contract, and remanding the cause to the trial court for a new trial solely on the question of liability for the damage to the drilling rig and for attorney's fees. The jury found in answer to Special Issues No. 2 and 3 that respondent had not paid petitioners for drilling the oil well in question and that the amount respondent agreed to pay petitioners was $13,521.25. The jury found in answer to Special Issues No. 6, 7 and 8 that, after the blowout, the respondent requested petitioners to keep a crew at the well location on a twenty-four hour basis from the time of the blowout until another rig was moved on the site to complete the drilling of the well; that petitioners had a crew at the location for a total of 409 hours; and that respondent agreed to pay $95 per hour for these crews. In answer to Special Issue No. 7, the jury found that reasonable attorney's fees for petitioners was $35,000. This claim for attorney's fees was based on petitioners' suit on sworn account.

■ Respondent contends that a finding of negligence on the part of petitioners as the cause of the blowout would constitute a complete bar to petitioners' cause of action under the contract. As authority for this contention, respondent cites *M. J. Delaney Co. v. Murchison*, 393 S.W.2d 705 (Tex.Civ. App.—Tyler 1965, no writ). In *Delaney*, the contractor negligently caused the drill pipe to become stuck upon completion of drilling the hole. The operator paid the full cost for drilling the hole plus the cost of

bringing in the well after the pipe became unstuck. The only item in issue in *Delaney* was the cost of unsticking the pipe which the jury found to have been caused by the negligence of the contractor. Further, petitioners in *Delaney* contended that a letter agreement executed by the parties incorporated the provisions of a prior contract and it was under the provisions of the prior contract that recovery was sought for the cost of unsticking the pipe. The court found that the letter agreement did not incorporate the prior contract and that finding controlled the *Delaney* case. The facts and points of law in *Delaney* are clearly distinguishable from those present in this case. In our case the jury found that after the blowout, the operator contracted to pay the cost of maintaining a crew at the drilling site until the blowout was controlled and a new rig moved on the site and drilling resumed.

We hold that based upon the jury findings, the respondent was liable on the sworn account of petitioners for the cost of drilling and for maintaining a crew at the site, and that a finding of negligence on the part of the petitioners in causing the blowout would not bar petitioners' recovery for those items.

 The petitioners did not introduce evidence to show what portion of the attorney's fees were applicable to the claim for drilling the well and maintaining a crew on the site following the blowout; so there was no evidence by which to apportion the attorney's fees between these two items and the claim for the damage to the drilling rig. From a reading of the statement of facts and the transcript it is evident that a large portion of the attorney's time was devoted to the question of petitioners' alleged negligence and respondent's liability for the damage to the rig. For these reasons the question of attorney's fees must be remanded.

The judgment of the court of civil appeals is reversed and rendered for petitioners in the sum of $52,376.25. The remaining portions of the judgment of the court of civil appeals are affirmed.

## ON MOTION FOR REHEARING

In our original opinion, this Court reversed the judgment of the court of civil appeals in part and rendered judgment in favor of the petitioners on their action in sworn account for $52,376.25. The judgment of the court of civil appeals was otherwise affirmed. On rehearing, the petitioners complain of this Court's failure to award pre-judgment interest on the sum of $52,376.25.

 The trial court, in its judgment, recited that petitioners' damages were established and determinable at a definite time, April 5, 1978, in the amount of $183,230.25, such sum representing the total of the debt owed on the sworn account and the difference in the value of the drilling rig before and after the blowout. Accordingly, the trial court rendered judgment against the respondent for attorney's fees of $35,000, $183,230.25, interest at the rate of six per cent (6%) per annum from the date of April 5, 1978 to the date of judgment, October 15, 1979, on the amount of $183,230.25, and post judgment interest.

Respondent did not attack the award of pre-judgment interest in its appeal to the court of civil appeals, nor did it complain of such award by cross-point on appeal to this Court. Accordingly, petitioners' motion for rehearing is granted and our judgment of March 25, 1981 will be amended to reflect the award of interest of six per cent (6%) per annum from the date of April 5, 1978 to the date of October 15, 1979 on the sum of $52,376.25.