Julia O. SANCHEZ, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 9230.

Court of Civil Appeals of Texas, Amarillo.

May 28, 1981.

Rehearing Denied June 17, 1981.

Mark Smith & Associates, Mark Smith, Lubbock, for appellant.

Crenshaw Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

REYNOLDS, Chief Justice.

The trial court rendered a take-nothing judgment in this action by Julia O. Sanchez to recover workers' compensation benefits from Texas Employers Insurance Association. Sanchez contends she is entitled to a new trial because of jury misconduct and the lack of evidential support for the jury's answers to some of the special issues. She demonstrates, however, only an entitlement to a partial new trial on the separable matter of nursing services. Affirmed in part; reversed and remanded in part.

While working for Meads Bakery in Lubbock, Texas, on 26 May 1977, Sanchez suffered a back injury. She was treated by the company doctor who told her she could return to work the next day. Instead, Sanchez saw and received treatment from other doctors and did not return to the bakery until August. From then until 12 March 1979, Sanchez intermittently worked at various employment including further work at Meads, and from time to time received further medical treatment. In the interim, TEIA paid her compensation benefits until she returned to work in August of 1977 and thereafter from 21 February 1978 through 13 October 1978.

On 12 March 1979, Sanchez underwent back surgery. The surgeon, upon encountering a herniated disc, relieved the pressure surrounding a nerve. Sanchez was given a general release to return to work on 1 June 1979.

In her suit against TEIA, Sanchez claimed total and permanent incapacity as a result of her accidental injury. The jury made a different determination. In answering the special issues submitted, the jury found that: Sanchez suffered a 26 May 1977 injury while in the course and scope of her employment; the injury was a producing cause of total incapacity from 12 March 1979 to 1 June 1979; the applicable average daily wage was $19.20; Sanchez was entitled to a lump sum payment; nursing services were reasonably required as a result of the injury; and TEIA did not fail to furnish nursing services within a reasonable time. The jury failed to find that the injury was a producing cause of any partial incapacity.

It was evidenced that compensation benefits paid to Sanchez were in excess of her recovery under the jury's verdict. The court, then, rendered a take-nothing judgment on the verdict.

Appealing, Sanchez first claims error in the trial court's refusal to grant her a new trial on the ground of jury misconduct. Her predicate is the testimony that some jurors mentioned personal experiences with back injuries; that one juror stated the entire case concerned past, not future, payments of compensation; that two jurors were not present when the foreman was chosen; and two of the jurors felt pressured into reaching the verdict they did.

Our discussion of this point must necessarily begin with an awareness of fundamental principles. By overruling Sanchez's motion for new trial, the court impliedly found that misconduct did not occur. *Fountain v. Ferguson*, 441 S.W.2d 506, 507 (Tex.), *cert. denied*, 396 U.S. 959, 90 S.Ct. 433, 24 L.Ed.2d 424 (1969). Thus, to merit a new trial on the basis of jury misconduct, Sanchez must establish not only that the alleged misconduct occurred, but also that it

was material and that, based on the record as a whole, the misconduct probably resulted in harm to her. Tex.R.Civ.P. 327; *Fountain v. Ferguson, supra,* at 507. Furthermore, the trial court has considerable latitude in regard to granting a new trial for jury misconduct, and its ruling should be reversed only upon the showing of a clear abuse of discretion. *State v. Wair,* 163 Tex. 69, 351 S.W.2d 878 (1961).

■ Testimony elicited from five of the jurors in the motion-for-new-trial hearing indicated that on at least one occasion a juror mentioned her personal experience with back surgery. When the remark was made, the jury foreman responded by saying that he also had experience with back injuries, but that personal experiences should not play a part in their deliberations. Moreover, the foreman, joined by some members of the jury, stated that the jurors should base their decision on the facts and law of this particular case. Where, as here, the foreman promptly forestalls any further discussion of personal experiences and admonishes the jurors not to consider such matters, no reversible error is shown. *National Surety Corporation v. Moore,* 386 S.W.2d 327, 329 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.). Sanchez does not contend that the remarks she complains of were repeated after and in disregard of the admonitions so as to render inapplicable the general rule.

■ The statement of one of the jurors that the case was limited to a determination of past, not future, compensation, was not made on the basis of any outside knowledge; instead, the comment concerned his belief as to what the law and facts were in this case alone. The statement amounts to nothing more than a mere misunderstanding of what the case involved. As such, an expressed misconstruction of the court's charge, which does not bring to the attention of the jury law or facts outside the record, should not be regarded as jury misconduct within the meaning of Rule 327. *Compton v. Henrie,* 364 S.W.2d 179, 184 (Tex.1963); *Whited v. Powell,* 155 Tex. 210, 285 S.W.2d 364, 368 (1956).

■ Sanchez's allegations that two of the jurors were not present when the foreman was chosen and that a few of the jurors felt pressured into making a decision do not merit, on the evidential record, a new trial. Not only is there testimony that everyone was given ample opportunity to discuss the evidence, albeit one juror stated she was not given every opportunity to discuss the verdict, but Sanchez has failed to show by the testimony that either circumstance probably resulted in any particular adverse answer. She, therefore, failed to demonstrate from the evidence that injury probably resulted to her. *St. Louis Southwestern Railway Company v. Gregory,* 387 S.W.2d 27, 31 (Tex.1965).

On this record, the trial court did not clearly abuse its discretion in denying a new trial. Sanchez's first point of error is overruled.

The remaining points presented by Sanchez are, as TEIA properly notes, multifarious, embracing no evidence, insufficient evidence and against the great weight and preponderance of the evidence contentions. Though the points are multifarious, our discernment of the true nature of Sanchez's arguments, by the criteria of *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex. 1976), is that they are great weight and preponderance points of error. They will be considered as such.

By the first three of these points, Sanchez attacks the jury's findings establishing the period of total incapacity and its failure to find any partial incapacity. A brief statement of the more than eleven hundred pages of the evidence is appropriate to show why, under applicable authority, the points are unavailing.

The jury's fixing of total incapacity from 12 March 1979 to 1 June 1979 corresponds to the period of time extending from Sanchez's entry into the hospital for surgery to the date the surgeon released her for return to work. Although the surgeon estimated that she suffers a fifteen percent permanent impairment, he noted that she is capable of working. There is testimony by Sanchez, corroborated in respects by doctors,

that she suffered pain from her 1977 injury both before and after surgery. She further testified that several times she tried to go back to work out of necessity, but was unable to obtain and retain employment. The inability to do so was, she explained, because of continuing pain in her legs and back, particularly when she lifted objects. She gave as the reason for terminating her last employment two weeks before trial that she had to lift heavy boxes and she could not bear the pain. Yet, there is testimony to the contrary. Sanchez had an intermittent work record before her employment by Meads. After her injury and before her surgery, she worked at five different places of employment; after surgery, she worked at two places of employment. Her former employers who testified detected no physical problems in her work performance, although several of the jobs required and involved bending, stooping and lifting. The employers never heard her complain of pain and the reasons she gave them for leaving the jobs were other than her inability to retain employment. Both litigants have extracted the medical evidence favorable to their partisan viewpoint.

It is at once apparent that the evidence bearing on incapacity is conflicting. It reasonably may be argued that the answers the jury gave to the incapacity issues are not as logical as others would have been, but that is not the standard by which the jury's performance is measured. Rather, it was for the jury to resolve the conflicts, which necessarily required the jury to judge the credibility of the witnesses and the weight to be assigned to their testimony. *Tex. Emp. Ins. Ass'n v. Villasana*, 558 S.W.2d 917, 920 (Tex.Civ.App.—Amarillo 1977, no writ). In this instance and because Sanchez was an interested witness, the jury was not required to believe her testimony, even when it was not specifically contradicted by other evidence. *Escamilla v. Liberty Mutual Insurance Company*, 499 S.W.2d 758, 760 (Tex.Civ.App.—Amarillo 1973, no writ). Moreover, the fact that the jury found Sanchez received an injury does not compel a finding that the injury produced some degree of incapacity. *Bullard v. Universal Underwriters Ins. Co.*, 609 S.W.2d 621, 625 (Tex.Civ.App.—Amarillo 1980, no writ).

■ Observing these principles, we have applied the *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973), standard for evidential review. Considering all of the evidence, we cannot say that the jury's findings and failure to find are so against the great weight and preponderance of the evidence as to be manifestly unjust. Points two through four are overruled.

■ Sanchez also attacks the jury's finding of $19.20 for the daily wage as being against the great weight and preponderance of the evidence which, in her view, shows a daily rate of $27.20. The wage rate is material only to the matter of a monetary recovery in workers' compensation cases, *Texas Employers' Insurance Association v. Shannon*, 462 S.W.2d 559, 562 (Tex.1970); so, an acceptance of the higher rate contended for would not result in a reformation of the take-nothing judgment rendered on the jury's answers which we have upheld. Point five is overruled.

■ As previously recounted, the jury found that nursing services were reasonably required as a result of Sanchez's injury. TEIA has not challenged this finding and, therefore, it is binding. *Adams v. American Quarter Horse Ass'n*, 583 S.W.2d 828, 833 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). As also recounted, the jury further found that TEIA did not fail to furnish such nursing services within a reasonable time. Inasmuch as the record conclusively shows that TEIA did not, after notice, furnish the nursing services accorded Sanchez for which there is evidence to ascertain the reasonable cost thereof, we must sustain Sanchez's sixth contention that the finding is against the great weight and preponderance of the evidence.

■ The sustention of this point, however, does not require a reversal of the entire judgment and a remand of the entire case. The statutory liability for nursing services is a matter clearly distinct and separable from a claim for statutory benefits for incapacity, *Maryland Casualty Co. v.*

*Hendrick Memorial Hospital*, 141 Tex. 23, 169 S.W.2d 969, 973–74 (1943), and may be adjudicated in the same or in a separate suit. *Texas Casualty Insurance Company v. Beasley*, 391 S.W.2d 33, 40 (Tex.1965), *cert. denied*, 382 U.S. 994, 86 S.Ct. 576, 15 L.Ed.2d 480 (1966). Hence, a claim for nursing services included with a claim for incapacity benefits is a separable part of the matters in controversy for which a partial new trial may be granted. Tex.R.Civ.P. 320. *Accord, Texas & Pacific Railway Company v. Leatherman*, 351 S.W.2d 633, 636 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.); *Great American Indemnity Co. v. Ortiz*, 193 F.2d 43, 46–47 (5th Cir. 1951).

Accordingly, Sanchez's claim for nursing services is severed from the remainder of the action. The portion of the judgment disallowing any recovery for nursing services is reversed and the separable matter of nursing services is remanded for further proceedings. In all other respects, the take-nothing judgment is affirmed.

One-half of the costs is chargeable to Sanchez, who, appealing in forma pauperis, is not liable therefor beyond any payments made. The other one-half of the costs is adjudged against TEIA. Tex.R.Civ.P. 448.

### ON REHEARING

Sanchez and TEIA each has filed a motion for rehearing. Sanchez's motion presents nothing not addressed in our original opinion. However, TEIA challenges our severance, reversal and remand of Sanchez's claim for nursing services by contentions which, although not heretofore advanced, will be addressed.

Sanchez's claim for nursing services was conditionally submitted to the jury on the basis of these issues:

### SPECIAL ISSUE NO. 1

Did Julia O. Sanchez receive an injury on or about May 26, 1977?
ANSWER "YES" OR "NO."
ANSWER: <u>Yes</u>

    \*    \*    \*    \*    \*    \*

If you have answered Special Issue No. 1 "Yes," then answer Special Issue No. 11.

### SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that nursing services were reasonably required as a result of such injury, if any?
ANSWER "THEY WERE REQUIRED" OR "THEY WERE NOT REQUIRED."
ANSWER: <u>They were required</u>.

If you have answered Special Issue No. 11 "They were required" then answer Special Issue No. 12; otherwise, do not Answer Special Issue No. 12.

### SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that the Defendant, Texas Employers' Insurance Association failed to furnish within a reasonable time such nursing services reasonably required as a result of such injury?
ANSWER "WE DO" OR "WE DO NOT."
ANSWER: <u>We do not</u>

If you have answered Special Issue No. 12 "We do," then answer Special Issue No. 13; otherwise do not answer.

### SPECIAL ISSUE NO. 13

What do you find from a preponderance of the evidence to be reasonable costs of the nursing services rendered the Plaintiff, Julia O. Sanchez by Mrs. Bessie Ovalle?
ANSWER IN DOLLARS AND CENTS, IF ANY.
ANSWER: _____

Neither litigant voiced an objection to the trial court that the issues were conditionally submitted, nor complained of the court's charge when the appeal was submitted to this Court.

Now, TEIA contends, in the first instance, that the jury's answer to issue no. 12 is merely a failure to find and simply means that Sanchez failed to persuade the jury of the fact by a preponderance of the evidence. Therefore, TEIA submits, the answer is not required to be supported by affirmative evidence, albeit there is abundant evidence to support the failure to find.

The failure to find circumstance articulated in, for example, *Lovato v. Ranger Ins. Co.*, 597 S.W.2d 34 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.), by marginal notes 1 and 2 at 36, is inapplicable here, for the court required, by its specific instruction, that the jury's answer to special issue no. 12, among others, "must be based upon a preponderance of the evidence . . . ." Hence, we must view the answer as a finding; but, whether the answer is a failure to find or is a negative finding is of no import under this record. When Sanchez urged, in her sixth point of error, that the finding is against the great weight and preponderance of the evidence, we were compelled to consider and weigh all of the evidence, including that which TEIA originally argued abundantly supported the answer. *Traylor v. Goulding, supra*, at 945. Even though we determined from a review of all the evidence that it conclusively shows TEIA did furnish the nursing services accorded Sanchez by Bessie Ovalle for which there is evidence to ascertain the reasonable cost thereof, a determination we adhere to, we could order only a partial reversal and remand under Sanchez's point of error. Calvert, *"No evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 369 (1960).

Second, TEIA contends that if the record conclusively shows the fact inquired about in issue no. 12, or even if the answer is against the great weight and preponderance of the evidence, there is no basis for reversal of the take-nothing judgment with respect to nursing services. This appertains, TEIA now argues, because under the 1973 amendment of the medical services provisions of the Texas Workers' Compensation Act—Texas Revised Civil Statutes Annotated Article 8306 § 7 (Vernon Supp. 1980–1981)—the inquiry is neither a controlling nor a material issue and, thereby, must be ignored.

It is true that respectable authority, which had recommended the submission of a medical care issue similar in nature to issue no. 12 under the pre-amendment statute, opines that the issue need not be submitted after the 1973 amendment. 2 State Bar of Texas, Texas Pattern Jury Charges, PJC 23.09 (1970; 1976 Cumulative Supp.). But that does not determine the immateriality of the issue as belatedly raised by TEIA on motion for rehearing.

Although, as we discovered by an independent search in considering the motions for rehearing, TEIA did object to the submission of issue no. 12 on the ground, *inter alia*, that it was immaterial, TEIA did not preserve the present complaint for our consideration on original submission by a crosspoint. Tex.R.Civ.P. 420. The presumption, then, is that TEIA acquiesced in the court's overruling of its objection. *DeBusk v. Guffee*, 171 S.W.2d 194, 198 (Tex.Civ.App.—Eastland 1943, no writ). Conformably, the question of immateriality of the issue was not suggested in any of TEIA's three counterpoints by which TEIA attempted to show that none of Sanchez's six points of error were valid.

■ On original submission, the only question which respect to issue no. 12 was the evidential support for the jury's answer. It is only after we sustained Sanchez's attack on the evidential support for the answer that TEIA contends the issue is immaterial. Under these circumstances, the adjudication of the point of error on the basis presented originally was justified, and TEIA's unpreserved objection to its materiality comes too late for attention when made for the first time in TEIA's motion for rehearing. *Sanders v. Davila*, 550 S.W.2d 709, 713 (Tex.Civ.App.—Amarillo), *writ ref'd n. r. e. per curiam*, 557 S.W.2d 770 (Tex.1977).

■ Last, TEIA asserts that, aside from its foregoing contentions, Sanchez's claim for nursing services is otherwise foreclosed. This results, TEIA contends, because when issue no. 13 was conditionally submitted and unanswered pursuant to the court's instructions without objection by Sanchez, who thereby waived the right to have the issue answered by the jury, there is a deemed finding to issue no. 13 in support of the trial court's take-nothing judgment. The rule upon which TEIA relies was applied in *Bay Petroleum Corporation v. Crumpler*, 372 S.W.2d 318, 320 (Tex.1963), and in other cases cited by TEIA.

**844**

The rule of *Crumpler* applies when a finding on a controlling issue is prevented by an *improper* conditional submission without objection or request by the party who is entitled to and should insist upon a jury finding thereon. *Strauss v. LaMark*, 366 S.W.2d 555, 557 (Tex.1963). However, the rule has no application where the subordinate issue is *properly* submitted on condition. 3 R. McDonald, Texas Civil Practice § 12.36.7 (rev. 1970). The conditional submission of issues is authorized by the Texas Rules of Civil Procedure, *Strauss v. LaMark, supra*, at 558, and the conditional submission of medical care issues such as were submitted here have been approved. *See, e. g.*, 2 State Bar of Texas, Texas Pattern Jury Charges, PJC 23.09 (1970). In the event of a proper conditional submission of issues, there is no right to insist on an unconditional submission and if, as here, the jury's finding on the dominant issue is against the weight and preponderance of the evidence, there is no presumption of a deemed finding on the unanswered subordinate issue(s). *Strauss v. LaMark, supra*, at 558. This is the principle we applied.

For these reasons, we are not persuaded by the motions for rehearing to alter our original judgment. The motions for rehearing are overruled.