**Frank M. McLAUGHLIN, III, Appellant,**

**v.**

**FIRST NATIONAL BANK OF JEFFERSON, Texas,
Appellee.**

No. 06–92–00005–CV.

Court of Appeals of Texas,
Texarkana.

April 27, 1993.

Opinion Overruling Motion For
Rehearing June 22, 1993.

G. Thomas Allison, III, Timothy G. Moore, Merriman, Patterson & Allison, Longview, for appellant McLaughlin.

Martin J. Sweeney, Kasmir & Krage, Dallas, for appellee Richard H. Collins.

**512**

Robert Hardy, Jr., Hughes & Luce, Houston, for appellee First Nat. Bank of Jefferson, Tex.

Jerry P. Collum, pro se.

Before BLEIL, GRANT and CHADICK,* JJ.

## OPINION

T.C. CHADICK, Justice (Retired).

This lawsuit originated as a multi-party action with issues arising out of alleged fraud and defalcation in the operation of a bank.

Post-judgment settlements have reduced the parties subject to the trial court judgment. Those appearing as appellate parties are Frank M. McLaughlin, III, a defendant in the trial court and appellant here, who is generally referred to by name or as appellant, and First National Bank of Jefferson, Texas, a plaintiff below and now appellee, which usually is referred to as Bank or appellee.

McLaughlin has briefed eight points of error, and the Bank briefs ten reply points. Pleadings, procedure, and pertinent facts will be mentioned in discussion of points of error to which they relate.

■ McLaughlin's Point of Error No. 1 is that the judgment awarded the Bank against him does not conform to the jury verdict. Jury Question No. 1, a question propounded to determine fraudulent conduct of McLaughlin, reads:

> Did McLaughlin, while employed as president of the bank, engage in dishonest or fraudulent acts, committed alone or in collusion with others, which directly resulted in loss to the bank in connection with the following loans or transactions?

The question is followed by a list of thirty-two loans or transactions for the jury to consider. The jury answer as to each loan or transaction is in the affirmative.

Preceding Question No. 1 is a special instruction limiting "dishonest or fraudulent acts" to conduct defined as dishonest or fraudulent by a fidelity bond, to-wit:

*Honorable T.C. Chadick, Justice, Supreme Court

## INSTRUCTIONS FOR QUESTION NO. 1

The Bond covers only loss resulting directly from "dishonest or fraudulent" acts of employees.

"Dishonest or fraudulent acts" are defined by the Bond as meaning "only dishonest or fraudulent acts committed by such employee with the manifest intent, (a) to cause the insured to sustain such loss, and (b) to obtain financial benefit for the employee or for any other person or organization intended by the employee to receive such benefits other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment".

To be dishonest or fraudulent, the employee's conduct must evidence some degree of intent to perform the wrongful action. There must be the physical act plus the mental state. The intent need not be of the degree required for criminal conduct. On the other hand, mere negligence, carelessness, or incompetence is insufficient.

If an employee has knowledge of, and aids in, concealing another person's wrongful conduct, then the employee is guilty of the same wrongful conduct.

"The Fixed Asset Transaction" means the transfer of funds from the Bank to the holding company or its subsidiary in exchange for real property.

The Bank's wide-ranging explication and justification of the judgment in its reply to the first point will be analyzed and the merit of its several components discussed separately.

(a) That McLaughlin's brief concedes that the Bank sued McLaughlin for fraud and found damages as the result of McLaughlin's fraudulent conduct inquired about in Question No. 1.

The brief does make the concessions. However, the court's special instruction applicable alone to Question No. 1, by its first paragraph refers only to the subject of fidelity bond coverage or dishonest and

of Texas, Retired, Sitting by Assignment.

fraudulent acts of employees covered by the bond instrument. The second paragraph states the meaning of dishonest or fraudulent acts as defined by the bond. The third paragraph necessarily refers to the terms of the bond, as no other subject was previously or thereafter imported. The fourth paragraph states the breadth of the bond's coverage. The last paragraph defines the meaning of a descriptive phrase in the charge immaterial to the issues now under consideration.

Question No. 1 does refer broadly to fraud, but the instruction shifts and narrows the focus of the jury to "dishonest or fraudulent" acts as defined by and within the coverage of the fidelity bond. The jury question and the instruction considered together eliminate any reason or requirement that the jury consider the elements or a single element of common law fraud in reaching an answer. Thus focused, the language is the opposite of a necessary referral to one or more elements of common law fraud. To the extent that definition of fraud in the fidelity bond overlaps in similarity one or more elements of common law fraud, any reference to common law fraud elements is incidental.

(b) That McLaughlin based his entire argument on an incorrect assertion that the only definition of fraudulent conduct contained in the charge was the definition in the special instruction to Jury Question No. 1, and points to the definition of common law fraud in the special instruction applicable to Jury Question No. 5, where the elements of common law fraud are set out in connection with the Bank's claim against the accounting firm of KPMG, Peat Marwick.

This position juggles the import and effect of the charge and only confuses the argument. Question No. 5 reads in part,

Did Peat Marwick, in connection with its 1982 Directors' examination, make one (or more) of the following representations (letters a, b and c below) and was it fraud?

The quoted language was followed by three specific questions about the accounting firm's examination of bank records and representations it made to the Bank. An instruction, applicable alone to Question No. 5, defined common law fraud and instructed the jury that:

"Fraud" means that the representation, if any you find, was:

1. a material representation of fact;
2. false when made;
3. when made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion;
4. made with the intention that the party would act upon it;
5. the party acted in reliance upon it; and
6. injury resulted to the party.

Questions No. 1 and 5 together with instructions are aimed at precise and separate targets. The questions are not broad enough to permit the jury to choose between or exchange special instructions from Question No. 5 to Question No. 1, or vice versa, when determining answers.

(c) That the entire foundation for McLaughlin's argument under the point is missing, that is, that claims involving the same fact issues should be combined into a single issue because submitting issues distinctly and separately should be avoided.

This contention assumes that Question No. 1 was so broad that the jury necessarily, not incidentally, found one or more elements of the common law fraud action alleged against McLaughlin by the Bank's pleadings. As concluded above, it is not.

(d) That McLaughlin's real complaint is to the form of the jury question submitted and the instructions in the charge, and that McLaughlin submitted no objections to the charge, thereby waiving his right to now complain, as error is not preserved.

This stance by the Bank assumes the McLaughlin was a party to the action at the time the charge was prepared and in the hands of counsel for examination and objection. The record is to the contrary. The record contains a bill of exception showing that McLaughlin was dismissed from the case at the time of the charge conference and not permitted to participate

further in the trial. This unusual circumstance will be reviewed in the consideration of Point of Error No. 3.

The record shows no element of common law fraud as a ground of recovery against McLaughlin was submitted to or found by the jury, and no element necessarily referable to such ground was submitted or found. Under the provisions of Tex.R.Civ.P. 279, such ground of recovery is waived. *See Malone v. Carl Kisabeth Co.*, 726 S.W.2d 188, 191 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.); *see also Harmes v. Arklatex Corp.*, 615 S.W.2d 177 (Tex.1981); *Strauss v. LaMark*, 366 S.W.2d 555 (Tex.1963). The judgment should not have awarded recovery against McLaughlin, as the verdict does not support the Bank's sole legal theory of recovery. *See Employers Ins. of Wausau v. Schaefer*, 662 S.W.2d 414 (Tex. App.—Corpus Christi 1983, no writ); *Cravens v. Skinner*, 626 S.W.2d 173 (Tex. App.—Fort Worth 1981, no writ). McLaughlin's Point of Error No. 1 is sustained.

■ Error in entry of judgment against McLaughlin after he was dismissed as a party to the suit is the subject of appellant's third point of error. McLaughlin asserts the court's order dismissing McLaughlin and his necessary conformance deprived McLaughlin of the opportunity and the right to examine and present objections to the jury charge before it was given to the jury and to argue his case to the jury, in violation of Tex.R.Civ.P. 269, 272, 274, 278, 279, as well as U.S. Const. amend. XIV, § 1, and Tex. Const. art. I, § 19.

A bill of exception filed by McLaughlin reflecting trial court actions occurring in the course of trial recites,

[T]hat on June 25, 1991, during the trial, but outside the presence of the jury, of the above-styled and numbered cause, G. Thomas Allison, P.C., as counsel for Frank M. McLaughlin, III, was informed by the Court that the Defendants McLaughlin, Collum and Collins had been dropped or dismissed from the suit by all parties and that Mr. Allison would not need to lodge any objections to the Jury Charge. Thus, Mr. Allison did not lodge any objections to the Jury Charge, nor did he participate in closing argument to the jury. The fact that defendants McLaughlin, Collum and Collins were dropped from the suit is not noted in the statement of facts of this cause, but is evidenced by the Court's Civil Docket Sheet.

The trial judge's order approving the statement of facts recites that:

The ... bill of exception, ... reduced to writing ... and presented to me ... within the time allowed by law, and having been by me shown to adverse counsel and having been found correct by us, is hereby

ALLOWED, APPROVED, and OR-DERED filed with the clerk of this court as a part of the record in this cause....

The judgment rendered and entered in the trial court recites that on June 23, 1991, the court prepared its charge, the parties stated their objections, and on June 27, 1991, the charge was presented to the jury. The trial court's civil docket sheet containing handwritten entries made by the presiding judge shows an entry reading, "6/25/91 McLaughlin, Collum and Collins dropped from suit by the parties," together with other entries on that date.

The final judgment of the trial court, signed and entered October 3, 1992, contained extensive provisions, one of which awarded the Bank a recovery from McLaughlin of $3,137,294.47 for loss suffered by the Bank as the direct result of McLaughlin's dishonest and fraudulent conduct, together with interest, etc. The judgment also conditionally subrogated National Surety Corporation to the Bank's right of recovery from McLaughlin for amounts National Surety paid the Bank under the terms of the fidelity bond the surety company issued the Bank.

On entry of final judgment, McLaughlin filed a motion to modify, correct, or reform the judgment, or in the alternative, to grant a new trial. The pleading moved the court to discharge McLaughlin from all liability asserted against him by pleadings in the case because he was dismissed as a party to the lawsuit prior to judgment, or

in the alternative, to set aside the judgment against him and order a new trial.

At the hearing on McLaughlin's motion, the proceedings were informal in nature, in that no sworn testimony was tendered by any party and counsel for parties in attendance stated differing views, opinions, and conclusions regarding McLaughlin's legal counsel and his posture in the action, in conversational exchanges with the court and each other. The hearing concluded by the court approving the bill of exception set out above and overruling McLaughlin's motion in its entirety.

The language of the bill of exception shows that McLaughlin's legal counsel was present and prepared to examine and present objections to the charge and participate in oral argument to the jury. The bill also shows that the trial judge advised counsel that McLaughlin had been dismissed from the suit by all parties and, therefore, counsel need not lodge exceptions or otherwise participate in the remainder of the trial. The bill refers to the civil docket sheet where dismissal was noted, and a photographically reproduced copy in the record confirms the bill's statement.

An examination of the charge submitted to the jury is entirely consistent with dismissal of McLaughlin from the lawsuit prior to submission of the charge to the jury. The charge is silent as to erstwhile defendants Collum and Collins or any ground of recovery or defense applicable to either. Their dismissal is not put in question. The parties apparently agree that recovery from McLaughlin depends upon a jury finding that he was guilty of common law fraud. The court's charge did not by means of a broad inclusive question or by separate question or instruction undertake to determine McLaughlin's liability for common law fraud. The Bank contends that Question No. 1 and instructions pertaining to it submitted one or more elements of common law fraud, but as previously discussed, the argument is mistaken, as the jury question allowed recovery upon a finding of "fraud or dishonesty."

The content of the charge given also tends to corroborate the view that McLaughlin was previously dismissed from the action. The absence of a direct question to establish or necessarily referring to an element of McLaughlin's common law fraud constituted notice to all parties then in the suit that liability of McLaughlin was not an issue for jury determination and is consistent with the trial judge's announcement that McLaughlin had previously been dismissed as a party to the suit.

Legal counsel for a party is privileged to inspect, examine and present objections to the jury charge before it is read to the jury. TEX.R.CIV.P. 272. McLaughlin was denied the opportunity to object and submit correctly worded instructions, definitions and jury questions, as authorized by the rule. Rule 269 provides that a party may argue the case to the jury after the evidence is concluded and the jury charge is read. Dismissal of McLaughlin from the case before the charge was submitted to McLaughlin's counsel and before final argument to the jury and thereafter awarding judgment against him is an error of such magnitude that it clearly violates all concepts of fundamental fairness and is error calculated to and did cause the rendition of an erroneous judgment. It is not necessary to reach the constitutional violations, if any, but due process of law appears to have been denied. *See Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Adams v. Carlson*, 488 F.2d 619 (7th Cir.1973). McLaughlin's Point of Error No. 3 is sustained.

Full consideration has been given all of McLaughlin's points of error. The conclusion is reached that only Points No. 1 and 3 have merit and control disposition of the appeal. Points of Error No. 2, 4, 5, 6 and 7 are found without merit and are overruled without discussion, as the judgment to be entered renders disposition of these points immaterial. Point of Error No. 8 is sustained as to error in assessing costs against McLaughlin; however, the judgment to be entered will rectify that error and discussion of the point is unnecessary.

Point of Error No. 3 has been discussed at length, although Point of Error No. 1 was previously sustained. Discussion and decision on the point appeared to be desirable because a decision on Point 3, immaterial to final disposition of the appeal on Point No. 1, sheds light on the basis for decision on Point 1.

The judgment of the trial court is reversed and judgment rendered that the Bank take nothing by its suit against McLaughlin and that he be discharged with his costs. It is so ordered.

CORNELIUS, C.J., not participating.

## ON MOTION FOR REHEARING

The original opinion, dated April 27, 1993, as amended by insertion of a few clarifying words, is adopted. The Bank's Points of Error 3 and 5 in its motion for rehearing warrant discussion and will be considered together. The points are in this language:

POINT OF ERROR NO. 3

Because the trial court entered judgment in favor of the Bank against McLaughlin, the trial court found that the Bank did not dismiss its claims against McLaughlin, which finding cannot be overturned on appeal unless the alleged dismissal of McLaughlin is established as a matter of law, which it was not.

POINT OF ERROR NO. 5

By holding that the Bank's claims were dismissed based solely on the acts of the trial judge and the Defendant's counsel, without any notice to the Bank or knowledge by the Bank, this Court has erred and denied the Bank of its rights to due process of law and equal protection of the law.

The formal bill of exceptions, quoted in substantial detail in the original opinion, states as a fact that McLaughlin, Collum and Collins were dropped from the lawsuit but that such action was not noted in the statement of facts. The bill of exceptions was submitted to counsel for McLaughlin in accordance with TEX.R.APP.P. 52(c)(5). The trial judge certified that both he and the Bank's counsel found the bill to be correct and ordered it filed as a part of the record. It affirmatively appears that counsel was afforded an opportunity to object to the bill, to demand correction of the bill, if counsel considered it incorrect, and to develop for the record facts showing McLaughlin was not dismissed by the parties, if the Bank chose to insist that dismissal did not occur. Instead of an objection, counsel for the Bank agreed to the factual statement in the bill that McLaughlin was dismissed as a party to the lawsuit.

The record of proceedings in the trial court show as a matter of law that McLaughlin was dismissed as a party to the lawsuit. The Bank's motion for rehearing is overruled.